**Jodie E. TRUSTY and Wife, Christine Trusty, Appellants,**

v.

**John M. STRAYHORN, M.D., Texarkana Memorial Hospital, d/b/a Wadley Regional Medical Center, and Billy D. Parsons, M.D., Appellees.**

No. 06–01–00122–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 24, 2002.

Decided Sept. 13, 2002.

M. Mark Lesher, Monty G. Murry, Lesher & Murry, Texarkana, for appellant.

Alan Harrel, Jeffery C. Lewis, Atchley, Russell, Waldrop & Hlavinka, LLP, Texarkana, William Dixon Wiles, C. Edward Fowler, Jr., Kevin J. Keith, Fowler, Wiles & Keith, LLP, Dallas, for appellee.

Before GRANT, ROSS, and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CORNELIUS (Retired).

Jodie E. Trusty and his wife, Christine Trusty (collectively, Trusty),[1] appeal from a summary judgment granted in favor of Dr. John Strayhorn and Texarkana Memorial Hospital, d/b/a Wadley Regional Medical Center (Wadley).[2] Trusty sued Strayhorn and Wadley alleging that Strayhorn, with the assistance of employees or agents of Wadley, negligently performed a heart catheterization procedure on Jodie Trusty, causing median nerve damage to his left side. The parties agreed on a scheduling order for discovery, which set dates when each party was to name its testifying experts, when discovery was to be completed, and when the trial would be held. *See* Tex.R. Civ. P. 166.

After the date for completion of discovery passed, Strayhorn and Wadley each filed motions for summary judgment in which they contended they were entitled to judgment as a matter of law on Trusty's negligence claim and that Trusty had no evidence regarding the standard of care as to Wadley, breach of the standard of care as to both Strayhorn and Wadley, and causation elements as to both Strayhorn and Wadley. As summary judgment proof, Strayhorn attached his affidavit to his motion, and Wadley attached the affi-

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment.

1. Christine Trusty's claim was based on loss of consortium, which is derivative to Jodie Trusty's negligence cause of action.

2. Billy D. Parsons, M.D., was also included in the notice of appeal, but was nonsuited before final judgment was rendered in the case.

davit of Sandy DeSalvo, a registered nurse/registered nurse practitioner, to its motion.

Trusty filed a response to the motions for summary judgment, to which he attached the affidavit of Dr. Abul Aguam. Strayhorn and Wadley both moved to strike Aguam's affidavit. After a hearing, the trial court granted Strayhorn's and Wadley's motions for summary judgment. On appeal, Trusty contends the trial court erred in granting the motions for summary judgment.

Strayhorn and Wadley both moved for summary judgment under Tex.R. Civ. P. 166a(b). To prevail on such a motion, the movant must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubt in the nonmovant's favor. On appeal, the movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.

Strayhorn and Wadley also both moved for a no-evidence summary judgment under Tex.R. Civ. P. 166a(i). When a party moves for a no-evidence summary judgment, that party does not bear the burden of establishing each element of its own claim or defense, as under Rule 166a(a) or (b). *Garrett v. L.P. McCuistion Cmty. Hosp.*, 30 S.W.3d 653, 655 (Tex.App.-Tex-

arkana 2000, no pet.). Rather, although the nonmoving party is not required to marshal its proof, that party must present evidence that raises a genuine fact issue on the challenged elements of the claims on which the nonmovant would have the burden of proof at trial.

Because a no-evidence summary judgment is essentially a pretrial directed verdict, we apply the same legal sufficiency standard as we apply in reviewing a directed verdict. We consider all the evidence in the light most favorable to the nonmovant and disregard all contrary evidence and inferences. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements. More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fairminded persons to differ in their conclusions.

Trusty contends summary judgment for Strayhorn and Wadley was improper because Aguam's affidavit was sufficient to raise a fact question concerning each element of negligence alleged in his cause of action. Strayhorn and Wadley contend the trial court implicitly granted their objections and their motions to strike Aguam's affidavit when it ruled on and granted their motions for summary judgment. Because Trusty has failed to raise any issue regarding the implied sustaining of their objections to Aguam's affidavit, Strayhorn and Wadley contend that summary judgment should be affirmed on that basis alone.

Until recently, it was well settled that the trial court's rulings on objections to summary judgment proof were required to be explicit and in writing. *See, e.g., Banowsky v. State Farm Mut. Auto. Ins. Co.*, 876 S.W.2d 509, 513 (Tex.App.-Amarillo

1994, no writ). However, under Tᴇx. R.App. P. 33.1(a)(2)(A), which became effective in 1997, a trial court's ruling may be express or implied.

Two courts have applied Rule 33.1 in finding that the trial court implicitly ruled on objections to summary judgment proof. In *Blum v. Julian*, 977 S.W.2d 819, 823 (Tex.App.-Fort Worth 1998, no pet.), the appellee moved for summary judgment, and the appellant objected to the appellee's summary judgment proof. The court of appeals held that, in granting summary judgment, the trial court implicitly overruled the appellant's objections. *Id.* at 823–24.

In *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.App.-Fort Worth 1999, pet. denied), the appellee moved for a no-evidence summary judgment and objected to the appellant's summary judgment proof. In granting the appellee's motion for summary judgment, the trial court stated it had reviewed the "competent" summary judgment proof. The court of appeals held that, because the trial court was aware of the appellee's objections and stated in its order that it had reviewed the competent summary judgment proof, the appellate court could infer that the trial court had implicitly ruled on the objections.

At least two courts of appeals have disagreed with the holding in *Frazier,* reasoning that a trial court's ruling on a motion for summary judgment implies nothing about its rulings on objections to summary judgment proof. *Jones v. Ray Ins. Agency,* 59 S.W.3d 739, 752–53 (Tex.App.-Corpus Christi 2001, pet. filed); *Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 316–17 (Tex.App.-San Antonio 2000, no pet.). Nevertheless, those cases are distinguishable from *Frazier* because the *Frazier* court clearly grounded its holding in the trial court's statement that it reviewed the "competent" summary judgment proof,

which the court of appeals took as an indication that the trial court ruled on the appellee's objections. *Frazier v. Yu,* 987 S.W.2d at 610. This fact is absent from the *Jones* and *Stafford* cases.

In a case such as *Blum,* where the appellee advanced a single ground for summary judgment and the appellant lodged a single objection to the appellee's expert's affidavit, which was her only summary judgment proof, it might be said that the overruling of the objection is implied in the granting of summary judgment. *See Blum v. Julian,* 977 S.W.2d at 822–23. However, in *In re Estate of Loveless,* 64 S.W.3d 564, 572, 573 (Tex.App.-Texarkana 2001, no pet.), the appellee moved for both a regular and a no-evidence summary judgment, and the appellant lodged numerous objections to several items of the appellee's summary judgment proof. We held that no ruling on the appellant's objections could be implied from the granting of summary judgment when the trial court did not give its reasons for granting summary judgment and there was no indication in the record that it ruled on or even considered the appellant's objections to the appellee's summary judgment proof.

■ These cases lead us to the conclusion that the party objecting to summary judgment proof still has the burden to obtain a ruling on that party's objections, but that the burden is satisfied if (1) the record affirmatively indicates that the trial court ruled on the objections to the summary judgment proof in granting summary judgment, or (2) the grounds for summary judgment and the objections to the summary judgment proof are of such a nature that the granting of summary judgment necessarily implies a ruling on the objections.

In his motion for summary judgment, Strayhorn contended his affidavit estab-

lished that he met the standard of care for a physician performing a cardiac catheterization. In its motion for summary judgment, Wadley contended DeSalvo's affidavit established that its conduct met the standard of care for nurses treating a cardiac patient after a cardiac catheterization. Both parties also contended that Trusty had no evidence to show the standard of care, the breach of that standard, or causation.

Strayhorn and Wadley objected to Aguam's affidavit because (1) Trusty did not designate Aguam as a testifying expert, (2) Aguam's affidavit was incompetent because Trusty also used it as his expert report to comply with Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(d)(1) (Vernon Supp.2002), (3) Aguam was not qualified to give an opinion about the care provided by Strayhorn or by Wadley's nurses, and (4) with respect to Wadley's nurses, Aguam did not set out the standard of care applicable to nurses caring for a cardiac patient after a cardiac catheterization.

Strayhorn and Wadley correctly contend that the record indicates the trial court "considered" their objections to Aguam's affidavit in ruling on their motions for summary judgment. The order granting summary judgment recites that the trial court considered "Defendants' Objections and Motion to Strike the Affidavit of Plaintiff's Affiant." Also, Strayhorn and Wadley argued their objections at the oral hearing on the motion for summary judgment. But, in the transcript of the hearing on the motions for summary judgment and Strayhorn's and Wadley's objections to Aguam's affidavit, there is nothing indicating that the trial court explicitly or implicitly ruled on the objections. No case has held that a trial court implicitly sustained objections to summary judgment

proof when the record and the court's order indicated only that the trial court considered the objections. We refuse to so conclude here because, though the record indicates the trial court *considered* the objections, it does not indicate whether the trial court *ruled on* the objections and what that ruling was.

If the trial court sustained any or all of Strayhorn's and Wadley's objections to Aguam's affidavit, the court would have been required to grant summary judgment because there would be no evidence controverting Strayhorn's and Wadley's motions for summary judgment. If the trial court overruled Strayhorn's and Wadley's objections, it still could have granted summary judgment if it found, whether correctly or incorrectly, that Aguam's affidavit was insufficient to create a fact question precluding summary judgment. Consequently, we cannot conclude that the trial court sustained Strayhorn's and Wadley's objections to Trusty's summary judgment proof merely from the fact that it granted summary judgment. Strayhorn and Wadley had the burden to obtain a ruling from the trial court on their objections.

Strayhorn and Wadley nevertheless contend they were entitled to summary judgment because Aguam's affidavit is incompetent summary judgment proof. They first contend Aguam's affidavit was incompetent because Trusty also used it as his expert report in compliance with Tex.Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d)(1). That statute requires a plaintiff, within 180 days of filing a claim, either to furnish one or more expert reports to counsel for each physician or health care provider against whom the plaintiff asserts the claim, or to nonsuit the case. Under Article 4590i, § 13.01(k), the expert report itself[3] is not

---

**3.** The statute prohibits the specified use of or reference to the expert report itself. It does

admissible in evidence by a defendant, cannot be used in a deposition, trial, or other proceeding, and cannot be referred to by a defendant in the course of the action for any purpose. Tex.Rev.Civ. Stat. Ann. art. 4590i, § 13.01(k) (Vernon Supp.2002).

Aguam's affidavit states it is intended to comply with Article 4590i, § 13.01. In *Garcia v. Willman,* 4 S.W.3d 307, 310 (Tex. App.-Corpus Christi 1999, no pet.), the court of appeals held that Article 4590i, § 13.01(k) prohibits a party from using a report prepared to comply with Article 4590i, § 13.01(d)(1) as summary judgment proof. The court also held, however, that such a report as summary judgment proof is defective as to form and that the party should be given an opportunity to amend its summary judgment proof to correct the defects. *Id.* at 311; *accord Keeton v. Carrasco,* 53 S.W.3d 13, 24 (Tex.App.-San Antonio 2001, pet. denied).

■ Under Rule 166a(f) of the Texas Rules of Civil Procedure, defects in the form of affidavits are not grounds for reversal unless specifically pointed out by objection by an opposing party with an opportunity but refusal of the other party to amend. Tex.R. Civ. P. 166a(f). To preserve error concerning complaints about defects in the form of summary judgment proof, the objecting party must also obtain a ruling on the objections. *Lection v. Dyll,* 65 S.W.3d 696, 703 (Tex.App.-Dallas 2001, no pet.).

Strayhorn and Wadley contend that, because they are not seeking a reversal of a summary judgment but an affirmance, they did not have the burden to object to Aguam's affidavit under Rule 166a(f). They cite *Baker v. Gregg County,* 33 S.W.3d 72, 78 (Tex.App.-Texarkana 2000,

pet. dism'd), in which this Court stated that the appellees were not required to object to the appellant's summary judgment proof, and that Rule 166a(f) gives the party against whom summary judgment was granted no opportunity to amend his or her own summary judgment proof.

Our statements in *Baker* are clearly dicta because, in that case, we had already held that the appellant's summary judgment proof was properly excluded because it was untimely filed. *Id.* at 77. Further, many other courts, including this Court, have required the movant for summary judgment to object to the nonmovant's summary judgment proof containing defects of form. *See, e.g., Drew v. Harrison County Hosp. Ass'n,* 20 S.W.3d 244, 247–48 (Tex.App.-Texarkana 2000, no pet.); *Smith v. McCleskey, Harriger, Brazill, & Graf, L.L.P.,* 15 S.W.3d 644, 646 (Tex. App.-Eastland 2000, no pet.); *Mathis v. Bocell,* 982 S.W.2d 52, 58 (Tex.App.-Houston [1st Dist.] 1998, no pet.).

Nevertheless, at least one other court of appeals has stated that Rule 166a(f) requires objections to defects of form only when such defects are urged for the reversal, but not the affirmance, of a summary judgment. *See Ceballos v. El Paso Health Care Sys.,* 881 S.W.2d 439, 444 (Tex.App.-El Paso 1994, writ denied). The statement in *Ceballos* is also dicta because the court of appeals in that case ultimately held that the defect was one of substance that could be raised for the first time on appeal. *Id.* at 444–45.

■ Other cases have explicitly held that Rule 166a(f) applies equally to defects of form urged as grounds for affirmance or reversal of a summary judgment. *Martin v. Durden,* 965 S.W.2d 562, 565 (Tex.App.-

---

not prohibit the expert who makes the report from testifying as an expert witness at trial. *See* Tex.Rev.Civ. Stat. Ann. art. 4590i,

§§ 13.01(r)(6), 14.01(a) (Vernon Supp.2002); *Garcia v. Willman,* 4 S.W.3d 307, 310 n. 2 (Tex.App.-Corpus Christi 1999, no pet.).

Houston [14th Dist.] 1997, pet. denied); *Ridgway's, Inc. v. Payne,* 853 S.W.2d 659, 662 (Tex.App.-Houston [14th Dist.] 1993, no writ); *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626–27 (Tex.Civ. App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). As said by the court in *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d at 627,

> The clear policy behind this portion of Rule 166–A(e), . . . is to provide that all formal objections to summary judgment evidence be raised in the trial court and the opposite party be given an opportunity to correct these formal defects prior to a decision on the summary judgment motion by the trial court. We fail to see the distinction between requiring timely objection to formal defects in affidavits which would Establish the movant's right to summary judgment, and requiring timely objections to such deficiencies in affidavits which would Preclude the movant's right to summary judgment.

Two courts, while recognizing that an appellee may be required to object to a defect of form in a summary judgment affidavit, have concluded that the appellant must also seek an opportunity to amend his or her summary judgment proof when presented with such an objection. *Wyatt v. McGregor,* 855 S.W.2d 5, 17–18 (Tex. App.-Corpus Christi 1993, writ denied) (op. on reh'g); *Webster v. Allstate Ins. Co.,* 833 S.W.2d 747, 749–50 (Tex.App.-Houston [1st Dist.] 1992, no writ).

In *Wyatt,* the appellees objected to the appellant's summary judgment proof at the summary judgment hearing. *Wyatt v. McGregor,* 855 S.W.2d at 16, 17. The trial court granted the appellees' motion for summary judgment at the hearing and refused to give the appellant leave to amend his affidavits. *Id.* at 16, 18. On appeal, the appellant contested both the granting of summary judgment and the overruling of his request to amend. *Id.* at 15, 17.

The court of appeals held that the trial court erred in failing to allow the appellant to amend his summary judgment proof and that such error was harmful because, had he been allowed to amend, the appellant would have been able to defeat the appellees' summary judgment motion. *Id.* at 18.

In *Webster,* the appellee objected to the appellants' summary judgment affidavits, and the trial court sustained the objections and granted summary judgment the same day. *Webster v. Allstate Ins. Co.,* 833 S.W.2d at 749. On appeal, the appellants contended that the trial court should have granted them an opportunity to amend their affidavits. *Id.* The court of appeals held that, because the appellants failed to request a continuance, they waived any error in the trial court's failure to give them an opportunity to amend. *Id.* at 750.

 After considering these authorities, we conclude that the better rule is that a party seeking affirmance of a summary judgment is required to object to claimed defects in the form of summary judgment affidavits. There is no difference between the standards for admissibility of evidence in a summary judgment proceeding and those applicable at a regular trial. *United Blood Servs. v. Longoria,* 938 S.W.2d 29, 30 (Tex.1997). Any party seeking to challenge the admissibility of evidence must object to that evidence. *See Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 681 (Tex.2000).

Therefore, a party seeking to rely on defects in the form of summary judgment affidavits must object to those defects in the trial court, and such defects cannot form the basis for affirming summary judgment unless the party has objected to those defects in the trial court. As previously mentioned, the objecting party must also obtain a ruling on the objections. If such objections are made, the adverse par-

ty must seek an opportunity to amend its summary judgment proof.

■ Strayhorn and Wadley did object to Aguam's affidavit. Trusty also sought a continuance, which the trial court denied. Trusty does not contend that the trial court erred in overruling his motion for a continuance, so he has not preserved any error in the trial court's refusal to allow him to amend his summary judgment proof.

■ Nevertheless, Strayhorn's and Wadley's failure to obtain a ruling on their objections means they cannot rely on the defects in form in Aguam's affidavit for affirming summary judgment. Strayhorn and Wadley objected to Aguam's affidavit in part on the ground that Article 4590i, § 13.01(k) barred its use as summary judgment proof. Actually, the affidavit that Trusty attached to his response to the summary judgment motions is not the same document that Aguam signed and that Trusty submitted as his expert report. Rather, it was a new, retyped, redated, and re-signed affidavit in the same words as the original affidavit used as the expert report. Because the new affidavit is in the same words as the original one, it contains the statement that it is "intended to comply with Sec. 13.01 of Art. 4590i." Whether or not this new affidavit is defective because it is simply a restatement of the expert report, any such defect would constitute a defect of form, not of substance, and Strayhorn and Wadley were required to, and did, object to it. A defect is substantive if the summary judgment proof is incompetent; it is formal if the summary judgment proof is competent, but inadmissible. *Keeton v. Carrasco*, 53 S.W.3d at 24; *Mathis v. Bocell*, 982 S.W.2d at 59. Strayhorn and Wadley also had the burden of obtaining a ruling on the objection. Having failed to do so, they have waived consideration of this issue on appeal, and

the trial court was not barred from considering Aguam's affidavit on the ground that it was also used as Trusty's expert report.

Strayhorn and Wadley also contend Aguam's affidavit is incompetent because Trusty failed to timely designate him as a testifying expert in compliance with the trial court's agreed scheduling order. They do not provide any authority for their position, and for that reason, their contention is improperly briefed. Tex. R.App. P. 38.1(h).

Moreover, assuming the failure to timely designate a testifying expert would bar consideration of that expert's affidavit as summary judgment proof, such a failure is a defect of form to which a party must object and obtain a ruling to preserve error. *See Lection v. Dyll*, 65 S.W.3d at 703 (characterizing as a defect in form a failure to file summary judgment proof within seven days of the hearing).

Here, Trusty's failure to designate Aguam as his testifying expert did not make his affidavit incompetent, but merely inadmissible on proper objection. Thus, it was at most a defect of form. Because Strayhorn and Wadley did not obtain a ruling on their objections to Aguam's affidavit, Trusty's failure to designate Aguam as his testifying expert did not bar the trial court from considering the affidavit as summary judgment proof.

Strayhorn and Wadley also contend Aguam's affidavit was incompetent because he was not qualified to give an opinion regarding the conduct of Strayhorn or the nurses at Wadley and because he failed to articulate the applicable standards of care for either a reasonably competent cardiologist or a reasonably competent nurse in treating someone in Trusty's condition. Wadley raised both these objections in the trial court in its motion to strike Aguam's affidavit, but did not obtain

a ruling on either objection. Strayhorn did not raise his objection regarding Aguam's purported failure to state the standard of care and did not obtain a ruling regarding his objection to Aguam's qualifications.

Nevertheless, we will consider both of these contentions for the first time on appeal. An objection to the failure of an expert's affidavit to disclose the expert's qualifications goes to the substance of the affidavit. *Crow v. Rockett Special Util. Dist.*, 17 S.W.3d 320, 324 (Tex.App.-Waco 2000, pet. denied); *see also Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d 464, 467–68 (Tex.App.-Texarkana 1998, pet. denied). This is true because, without proper qualifications, an expert's opinion merely states a legal conclusion. *See Cain v. Rust Indus. Cleaning Servs., Inc.*, 969 S.W.2d at 467–68. An affidavit that is conclusory, or that merely expresses a legal conclusion, is substantively defective and may be raised for the first time on appeal. *Id.* at 467.

Moreover, because the standard of care is a necessary element in proving a medical negligence claim, *see Woodruff v. Wright*, 51 S.W.3d 727, 734 (Tex.App.-Texarkana 2001, pet. denied), the failure of Aguam's affidavit to disclose the standard of care is a substantive defect that can be raised for the first time on appeal. Without such proof, Trusty cannot establish his cause of action.

In his affidavit, Aguam recites that he is a licensed and practicing board-certified surgeon in the State of Texas; that he reviewed the medical records of the doctors and hospitals that treated Trusty; that he has "knowledge of the accepted standards of care ... applicable to ... physicians ... for the diagnosis, care and treatment" of Trusty's condition; that Trusty had a coronary arteriogram performed through the brachial artery in his left arm; that Trusty's injury occurred after his arteriogram, which was "uneventful"; that blood "oozing" from the puncture site "made its way into the subcutaneous tissue and compartments of [Trusty's] forearm," causing his anterior interosseous nerve to become "really compressed" and to develop ischemia; that Strayhorn "failed to meet the applicable standard of care because he, as the cardiologist, should have consulted a vascular surgeon to perform an open arteriotomy to introduce the catheter and to thereafter close with sutures to secure better hemostasis rather than relying on pressure dressing to stop the bleeding"; that Trusty developed "Reflex Sympathetic Dystrophy" that was caused by Strayhorn's substandard care; and that the injury/disability was "further exacerbated by the failure of the non-physician health care providers to appropriately provide the pressure at [Trusty's] left brachial artery and further by [Strayhorn's failure] ... to recognize the seriousness of this injury immediately subsequent to the coronary arteriogram." Aguam's curriculum vitae, which was attached to his affidavit, shows that his practice is in thoracic, vascular, and general surgery, and that he did a two-year residency in thoracic and cardiovascular surgery between 1969 and 1971.

Summary judgment was appropriate with respect to Trusty's claim against Wadley. Aguam's affidavit does not disclose that he is familiar with the standard of care for a nurse treating a patient after a coronary arteriogram. In fact, Aguam states only that he is familiar with the standard of care applicable to *physicians* treating a patient in Trusty's condition. Further, Aguam's affidavit does not disclose that he is qualified to render an opinion on the conduct of nurses treating a patient in Trusty's condition. Therefore, Aguam's affidavit does not provide summary judgment proof of Wadley's negligence.

Summary judgment was inappropriate with respect to Trusty's cause of action against Strayhorn. Aguam states he is familiar with the standard of care applicable to physicians treating a patient in Trusty's condition. He further states Strayhorn should have consulted a vascular surgeon to perform an open arteriotomy to introduce the catheter into the artery, should have closed the puncture site with sutures rather than relying on pressure dressing, and should have recognized the injury immediately after the arteriogram. Taken together, Aguam's statements provide the standard of care applicable to a physician treating a person in Trusty's condition.

Strayhorn contends that, because Aguam is not a cardiologist, he is not qualified to render an opinion regarding Strayhorn's conduct in performing the arteriogram. These allegations of negligence do not center around the performance of the heart catheterization, but instead center around the condition of the artery before the catheter was introduced, the proper procedure for introducing the catheter under the circumstances, and the appropriate post-procedure treatment. These are areas on which a vascular surgeon is qualified to render an opinion. Therefore, Aguam's affidavit provided some evidence of Strayhorn's negligence. Summary judgment was inappropriate on Trusty's claim against Strayhorn.

The judgment is affirmed in part as to Trusty's claim against Wadley. The judgment is reversed as to Trusty's claim against Strayhorn. That part of the action is severed and remanded to the trial court for further proceedings on Trusty's claim against Strayhorn.