Opinion issued January 9, 2003
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00430-CV




HEATHER PATRIACCA, Appellant

V.

SCOT FROST, M.D., Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 00-64387




O P I N I O N

This is an appeal of a no-evidence summary judgment rendered for Dr. Scot Frost,
defendant/appellee, against Heather Patriacca, plaintiff/appellant. In four issues presented
for review, Patriacca challenges the rendition of summary judgment and the trial court’s
denial of her motion for new trial. We affirm.
Factual & Procedural Background
Frost was Patriacca’s treating orthopedic physician for most of Patriacca’s life. In
April 1998, Patriacca consulted Frost regarding a knee injury. After many months of
conservative treatment, Frost operated on Patriacca in December 1999 to reconstruct a torn
ligament in her left knee. One risk of such surgery is that the patella tendon is weakened and
may rupture if a patient falls or reinjures the knee.
The day following the surgery, Patriacca fell on her left knee twice, once at home and
once at the doctor’s office. Dr. Frost examined her but did not order an X-ray or MRI.


 
During January 2000, Frost examined Patriacca seven more times. In March 2000, Patriacca
consulted Dr. Joseph Milne, a Fort Worth orthopedist, complaining again of pain in the left
knee. Milne determined Patriacca had ruptured her patella tendon and performed a second
surgery to correct this in April 2000.
On December 20, 2000, Patriacca sued Frost for medical malpractice, alleging that
Frost was negligent and grossly negligent in treating her condition; she sought actual and
special damages. 
A plaintiff in a medical malpractice suit must either (1) file a $5,000 cost bond or
place $5,000 cash in an escrow account for each defendant named in the suit, or (2) furnish
to opposing counsel, within 180 days from the date suit is filed, a medical expert’s report in
regard to each named defendant. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(a) (Vernon
Supp. 2002). The report must identify the plaintiff’s experts, provide a curriculum vitae for
each, and contain a fair summary of the manner in which the medical care rendered failed to
meet the applicable standard of care and the causal relationship between the failure and
plaintiff’s injury. Id. at § 13.01(r)(6); Latham v. Castillo, 972 S.W.2d 66, 73 (Tex. 1998). 
An initial expert report prepared to satisfy the requirements of article 4590i, however, is not
admissible evidence and cannot be used in a deposition, trial, or other proceeding. Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01(k); Trusty v. Strayhorn, 87 S.W.3d 756, 761-62 (Tex.
App.—Texarkana 2002, no pet.). Instead of being able to use the initial report, a plaintiff
must designate qualified expert witnesses to testify as to whether the defendant physician
departed from accepted standards of medical care. Tex. Rev. Civ. Stat. Ann. art. 4590i,
§ 14.01 (Vernon Supp. 2002). Although Patriacca’s 4590i report is not part of the record
before us, the parties acknowledge that Patriacca timely submitted an initial expert report
from Dr. Andrew Levine. It is the list of designated experts and an affidavit from Dr. Levine
that were not timely filed. The list was sent to Frost’s former counsel; Levine’s affidavit was
not submitted until Patriacca filed a motion for new trial.
As part of its docket control, the trial court ordered the parties to designate their expert
witnesses no later than November 12, 2001. On December 10, 2001, when he had not
received from Patriacca the list of designated experts, Frost filed a no-evidence motion for
summary judgment, alleging that Patriacca had failed to timely designate an expert or to
produce expert testimony that the misdiagnosis complained of constituted negligence and
was a proximate cause of her injuries. With the trial court’s permission, Patriacca filed a late
response on January 11, 2002. She noted in the response that she had inadvertently sent her
designation of expert witnesses to Frost’s former counsel, instead of his current counsel. 
Patriacca attached to her response the first page of “Plaintiff’s Designation of Expert
Witnesses.” On that page, it states, “The following expert witnesses are expected to testify
with regard to matters of opinion as well as fact: Please see Plaintiff’s Exhibit A, Section
B.” Nowhere in the clerk’s or reporter’s record is Section B, or any of the other pages of this
document. It is impossible for the Court to discern from this document who Patriacca
designated as her expert witnesses. Patriacca did not attach summary judgment evidence
showing that the misdiagnosis she complained of constituted negligence or proximately
caused her injuries.
Frost filed a reply to the response on January 17, 2002, pointing out that Patriacca had
failed to produce expert testimony to support the claim of medical malpractice. On January
22, 2002, the trial court rendered summary judgment for Frost. On February 21, 2002,
Patriacca filed a motion for new trial. Attached to the motion was Levine’s affidavit
identifying the standard of care and how Frost allegedly breached it. 
At the hearing on the motion for new trial, the trial court expressed some confusion
regarding the basis for her rendition of summary judgment. The trial judge delayed ruling
on the motion so that she could review the record and take the matter under advisement. On
the 74th day after the judgment was rendered, the trial court called counsel to advise them
she would stand by her original ruling unless Patriacca could provide authority allowing her
to accept the late-filed expert affidavit as summary judgment evidence. Apparently,
Patriacca did not do so. The motion was overruled as a matter of law on the following day. 
Tex. R. Civ. P. 329b(c).
Summary Judgment
Patriacca presents four issues for review. In issues one through three, she contends
that the trial court erred in rendering summary judgment (1) for reasons not stated in the
original motion; (2) without allowing her 21 days to respond to a new and independent basis
for summary judgment; and (3) without a submission or hearing on this new, independent
basis. In her fourth issue, Patriacca argues that the trial court erred in permitting her motion
for new trial to be overruled by operation of law.
After adequate time for discovery, a party may move for summary judgment on the
ground that there is no evidence of one or more essential elements of a claim. Tex. R. Civ.
P. 166a(i). The court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact. Id. We review a no-evidence
summary judgment by construing the record in the light most favorable to the nonmovant and
disregarding all contrary evidence and inferences. KPMG Peat Marwick v. Harrison County
Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Keo v. Vu, 76 S.W.3d 725, 730 (Tex.
App.—Houston [1st Dist.] 2002, pet. filed).
Patriacca’s first three issues all rest on the same flawed premise: that the trial court
rendered summary judgment on a ground that was not stated in Frost’s motion. Specifically,
Patriacca argues that, although Frost’s motion was based solely upon her failure to timely
designate medical experts, the trial court rendered judgment based on the absence of an
expert affidavit. We reject such a narrow reading of Frost’s motion for summary judgment. 
The motion provides in pertinent part:
To date Plaintiff has failed to designate a qualified medical
doctor who will express any criticism of the care and treatment
rendered by Defendant in this case to Plaintiff or that
proximately links Plaintiff’s claimed damages to any alleged
negligence on the part of this Defendant.
 
Under Texas law, a plaintiff must produce expert medical
testimony to support a claim of medical malpractice. Bowles v.
Bourdon, 147 Tex. 608, 219 S.W.2d 779, 782 (1949). 
Furthermore, Texas law presumes that a physician has properly
discharged his duty to a patient. Coster v. Woodson, 123
S.W.2d 981 (Tex. Civ. App.—Austin 1939, writ ref’d). Thus,
in order to overcome the presumption and defeat a motion for
summary judgment, a plaintiff must show by expert medical
testimony that: (i) a Defendant-doctor breached the standard of
care owed to the plaintiff and (ii) that such breach proximately
caused plaintiff damages. Hart v. Van Zandt, 399 S.W.2d 791
(Tex. 1969); Bowles, 219 S.W.2d at 782. Plaintiff has wholly
failed to produce any such evidence to overcome the above
stated presumption.
 
Plaintiff has proffered no evidence in support of two essential
elements of her medical negligence claim against Defendant. 
Therefore, as a matter of law Defendant is entitled to summary
judgment pursuant to Tex. R. Civ. P. 166a(i). 
 
Frost’s motion clearly rests not only on Patriacca’s failure to designate expert
witnesses, but also on her failure to provide evidence in support of the claim for malpractice. 
In her response to the motion, Patriacca focused exclusively on the trial court’s docket
control order and the misdirection of her designation of experts to Frost’s former counsel. 
She did not address the consequence of not designating experts—the failure to offer evidence
of the essential elements of her malpractice claim. She attached to her response only the
page purportedly designating expert witnesses, as discussed previously. She did not attach
the necessary summary judgment evidence—an affidavit from a medical expert identifying
in what manner Frost allegedly breached the standard of care. Moreover, Levine’s expert
report, prepared to satisfy the requirements of article 4590i, could not be considered by the
trial court because such reports are not admissible summary judgment evidence. Tex. Rev.
Civ. Stat. Ann. art. 4590i, § 13.01; Trusty, 87 S.W.3d at 761-62; Garcia v. Willman, 4
S.W.3d 307, 310 (Tex. App.—Corpus Christi 1999, no pet.). Proper summary judgment
proof would have consisted of a sworn affidavit from a medical expert whose qualifications
were delineated in the affidavit. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(k); Garcia,
4 S.W.3d at 10. Patriacca eventually submitted such an affidavit, but not in time to defeat
summary judgment.
We agree that, in an appeal from a summary judgment, the issues reviewed by this
Court must have been actually presented to and considered by the trial court. Travis v. City
of Mesquite, 830 S.W.2d 94, 100 (Tex. 1992). A summary judgment cannot be affirmed on
a ground not specifically presented in the motion for summary judgment. Id.
Here, the motion raised the issue of whether Patriacca had provided evidence of the
elements of her malpractice claim. Because this issue was not, as Patriacca characterizes it,
a “new, independent, and separate basis” for summary judgment, there was no need for the
trial court to grant Patriacca an additional 21 days to respond or to set the motion for a new
submission or hearing. 
Given the motion and Patriacca’s response to it, the trial court did not err in rendering
summary judgment. We overrule issues one, two, and three.
Motion for New Trial
In her fourth issue, Patriacca contends that the trial court erred when it allowed her
meritorious motion for new trial to be overruled by operation of law. Specifically, she argues
that this motion was her first opportunity to respond to the court’s basis for rendering
summary judgment and that the expert affidavit she attached to her motion for new trial was
newly-discovered evidence.
We review a trial court’s denial of a motion for new trial based on newly-discovered
evidence under an abuse of discretion standard and we indulge every reasonable presumption
in favor of the trial court’s refusal to grant a new trial. Jackson v. Van Winkle, 660 S.W.2d
807, 809-10 (Tex. 1993). We have already determined that the motion for summary
judgment raised the issue of expert testimony. Thus, this was not Patriacca’s first
opportunity to address the issue. Moreover, the expert affidavit does not qualify as newly-discovered evidence. Newly discovered evidence is evidence that was not, and could not
have been, discovered using reasonable diligence. Id. Patriacca used the same
expert—Andrew Levine—to prepare the affidavit she submitted with her motion for new trial
that she had used months before to prepare the expert’s report to comply with article 4590i. 
Clearly, the affidavit could have been obtained earlier; thus, it did not qualify as newly-discovered evidence. Accordingly, the trial court did not abuse its discretion when it did not
grant the motion for new trial. 
We overrule the fourth issue.
We affirm the trial court’s judgment.
 
 
 
                                                                             Evelyn V. Keyes
                                                                             Justice
 
 
Panel consists of Justices Hedges, Keyes, and Duggan.


 
Publish. Tex. R. App. P. 47.