COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-075-CV

   
 
KIMBERLY 
J. COLEMAN                                                         APPELLANT
 
V.
 
MARK 
WOOLF, M.D.                                                                APPELLEE
 
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        The 
primary issues we decide in this no-evidence summary judgment appeal are: (1) 
whether a plaintiff may use an article 4590i, section 13.01 expert report as 
summary judgment evidence; and (2) whether, if the statute prohibits the use of 
such a report as summary judgment evidence, the result of attaching such a 
report to a summary judgment response is a defect of form or a defect of 
substance. Because the plain language of the statute prohibits use of an article 
4590i, section 13.01 expert report “in a deposition, trial, or other 
proceeding,” we hold that it may not be used as summary judgment evidence. See 
Act of May 18, 1995, 75th Leg., R.S., ch. 140, § 1, sec. 
13.01(k)(2), 1995 Tex. Gen. Laws 985, 986, repealed by Act of June 1, 
2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 
884 (formerly set forth in Tex. Rev. Civ. 
Stat. Ann. art. 4590i, § 13.01(k)(2), current version at Tex. Civ. Prac. & Rem. Code Ann. § 
74.351(j)(2) (Vernon Supp. 2004)).[1]  We also 
hold that use of an article 4590i, section 13.01 expert report as summary 
judgment evidence constitutes a defect of form. Accordingly, we will affirm the 
trial court’s no-evidence summary judgment.
II. Factual 
Background
        Dr. 
Woolf filed a rule 166a(i) no-evidence motion for summary judgment asserting 
that Coleman had no evidence of the standard of care or that any deviation from 
the standard of care proximately caused her injuries because she had failed to 
timely designate any expert on these matters. Coleman filed a response to Dr. 
Woolf’s motion for summary judgment. Coleman’s response relies upon: the 
affidavit of Dr. Kimberly K. Mezera, Coleman’s subsequent medical care 
provider, and Dr. Mezera’s attached medical records; Coleman’s affidavit; 
and Coleman’s pleadings. Dr. Woolf objected to Coleman’s summary judgment 
evidence, pointing out that Dr. Mezera’s affidavit was the very same affidavit 
filed by Coleman to satisfy article 4590i’s expert report requirement. Dr. 
Woolf claimed that article 4590i, section 13.01(k)(2) precludes use of a 4590i 
expert report in a summary judgment proceeding.
        The 
trial court conducted a summary judgment hearing and later signed a no-evidence 
summary judgment for Dr. Woolf. The trial court subsequently signed an order 
sustaining Dr. Woolf’s objection to Dr. Mezera’s affidavit on the ground 
that it could not be used as summary judgment evidence.
III. Grounds 
For No-Evidence Summary Judgment
        In 
her first issue, Coleman contends that the trial court erroneously granted 
summary judgment for Dr. Woolf because, contrary to the ground asserted in Dr. 
Woolf’s motion, Dr. Mezera was timely designated as an expert witness. Relying 
on McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 
1993), Coleman points out that summary judgment may be granted only on a ground 
specifically raised in the motion. She characterizes Dr. Woolf’s no-evidence 
summary judgment motion as raising only the issue of the alleged untimely 
designation of Dr. Mezera and contends that, because the trial court granted 
summary judgment on another ground—no evidence of the elements of Coleman’s 
medical negligence claim—the trial court’s summary judgment violates McConnell’s 
holding. We cannot agree.
        Dr. 
Woolf’s no-evidence motion states that no evidence exists of the standard of 
care or that any deviation from the standard of care proximately caused 
Coleman’s injuries because Coleman failed to timely designate any 
expert on these matters. When Dr. Woolf filed his no-evidence motion for summary 
judgment contending that no evidence existed of the standard of care, breach, 
and proximate cause, Coleman was required to come forward with summary judgment 
evidence raising a genuine issue of material fact on each of these elements of 
her medical negligence claim. See, e.g., Patriacca v. Frost, 98 S.W.3d 
303, 306 (Tex. App.—Houston [1st Dist.] 2003, no pet.); Gen. 
Mills Rests., Inc. v. Tex. Wings, Inc., 12 S.W.3d 827, 832 (Tex. 
App.—Dallas 2000, no pet.). Proof that Coleman did, in fact, timely designate 
experts does not constitute evidence of any of the challenged elements of 
Coleman’s medical negligence claim. Accord Patriacca, 98 S.W.3d at 
306-07. Because Dr. Woolf moved for a no-evidence summary judgment on the 
grounds that no evidence of the elements of a medical negligence claim existed, 
we overrule Coleman’s first issue complaining that the no-evidence summary 
judgment was granted on a ground not raised in the motion.
IV. Objections 
and Opportunity to Cure
        In 
her second issue, Coleman contends that the trial court abused its discretion by 
sustaining Dr. Woolf’s objections to Dr. Mezera’s affidavit. It is 
undisputed that Dr. Mezera’s affidavit, attached to Coleman’s summary 
judgment response, is the same affidavit prepared by Dr. Mezera and previously 
filed by Coleman as an article 4590i, section 13.01 expert report.
        Article 
4590i, section 13.01 provides that “[n]otwithstanding any other law, an expert 
report filed under this section . . . shall not be used in a deposition, trial, 
or other proceeding.” Act of May 18, 1995, 75th Leg., R.S., ch. 
140, § 1, sec. 13.01(k)(2), 1995 Tex. Gen. Laws 985, 986 (repealed 2003). We 
must determine whether this statutory provision prohibits use of an article 
4590i, section 13.01 expert report as summary judgment evidence. Statutory 
interpretation is a question of law. In re Canales, 52 S.W.3d 698, 701 
(Tex. 2001) (orig. proceeding). Our primary goal is to ascertain and effectuate 
the legislature's intent. Bragg v. Edwards Aquifer Auth., 71 S.W.3d 729, 
734 (Tex. 2002). In doing so, we begin with the statute's plain language because 
we assume that the legislature tried to say what it meant and, thus, that its 
words are the surest guide to its intent. Fitzgerald v. Advanced Spine 
Fixation Sys., Inc., 996 S.W.2d 864, 865-66 (Tex. 1999).
        The 
statutory language used here—that an expert report “shall not be used in a 
deposition, trial, or other proceeding”—clearly and plainly prohibits use of 
an article 4590i expert report as summary judgment evidence. See Act of 
May 18, 1995, 75th Leg., R.S., ch. 140, § 1, sec. 13.01(k)(2), 1995 
Tex. Gen. Laws 985, 986 (repealed 2003); see also Patriacca, 98 S.W.3d at 
307 (holding that an article 4590i, section 13.01 expert report could not be 
used as summary judgment evidence); Trusty v. Strayhorn, 87 S.W.3d 756, 
762 (Tex. App.—Texarkana 2002, no pet.) (same); Keeton v. Carrasco, 53 
S.W.3d 13, 24-25 (Tex. App.—San Antonio 2001, pet. denied) (recognizing that 
use of an expert report filed under article 4590i, section 13.01 is prohibited); 
Garcia v. Willman, 4 S.W.3d 307, 311 (Tex. App.—Corpus Christi 1999, no 
pet.) (holding that an article 4590i, section 13.01 expert report could not be 
used as summary judgment evidence); see also Green v. Cypress Fairbanks Med. 
Ctr. Hosp., No. 04-01-00434-CV, 2003 WL 475846, at *1 (Tex. App.—San 
Antonio Feb. 26, 2003, no pet.) (not designated for publication). Thus, we hold 
that an expert report filed under article 4590i, section 13.01 may not be used 
in a summary judgment proceeding. Consequently, we hold that the trial court 
properly sustained Dr. Woolf’s objection to Dr. Mezera’s report.
        Coleman 
also complains that, pursuant to Texas Rule of Civil Procedure 166a(f), the 
trial court should have given her an opportunity to cure the alleged defect in 
Dr. Mezera’s affidavit, that is, the defect that the affidavit was originally 
filed as a 4590i, section 13.01 expert report. See Tex. R. Civ. P. 166a(f) (providing that 
"[d]efects in the form of affidavits or attachments will not be grounds for 
reversal unless specifically pointed out by objection by an opposing party with 
opportunity, but refusal, to amend"). A defect is substantive if the 
summary judgment proof is incompetent; it is formal if the summary judgment 
proof is competent, but inadmissible. Trusty, 87 S.W.3d at 764 (citing Keeton, 
53 S.W.3d at 24); Mathis v. Bocell, 982 S.W.2d 52, 60 (Tex. 
App.—Houston [1st Dist.] 1998, no pet.); see also Timothy Patton, Summary Judgments in Texas, § 
6.10[1][b] (2nd ed. 2002).
        The 
appellate courts that have addressed whether a plaintiff’s improper use of an 
article 4590i, section 13.01 expert report as summary judgment evidence 
constitutes a defect of form or a defect of substance, have all concluded that 
this defect is a formal one. Trusty, 87 S.W.3d at 764 (characterizing 
expert report used in summary judgment proceeding as constituting a defect of 
form that must be objected to); Keeton, 53 S.W.3d at 24 (holding expert 
report used in summary judgment proceeding contained a defect of form); 
Garcia, 4 S.W.3d at 311 (same). The Keeton court explained:
  
[An 
article 4590i, section 13.01 expert report] is competent evidence that section 
13.01(k) renders inadmissible; therefore, it contains a defect in form. If 
Greenfield's alternative assertion were correct, an expert who provides the 
report used by the plaintiff to comply with section 13.01 could never provide 
the content of that report in another form for use in opposition to a summary 
judgment. Section 13.01(k) only prohibits the use of the "expert 
report" filed under section 13.01. Section 13.01(k) does not prohibit the 
expert who provides that report from providing another report for other 
purposes.

  
53 
S.W.3d at 24-25. We likewise hold that an objection to an affidavit asserting 
only that the affidavit may not be used as summary judgment evidence because it 
was previously used as an article 4590i, section 13.01 expert report raises a 
defect of form. See Trusty, 87 S.W.3d at 764; Keeton, 53 
S.W.3d at 24-25; Garcia, 4 S.W.3d at 309-11.
        We 
next address whether Coleman was entitled to an opportunity to amend Dr. 
Mezera’s affidavit. Dr. Woolf filed his objections to Dr. Mezera’s affidavit 
four days before the scheduled summary judgment hearing. Coleman did not file a 
response to the objections or move for a continuance of the hearing. The summary 
judgment hearing proceeded on the scheduled date, and at the conclusion of the 
hearing the trial court took the motion under advisement. Approximately two 
weeks after the hearing, the trial court signed an order granting summary 
judgment to Dr. Woolf. Approximately two weeks after that, the trial court 
signed an order sustaining Dr. Wolf’s objection to Dr. Mezera’s affidavit on 
the ground that it could not be used as summary judgment evidence because it had 
already been filed as an article 4590i, section 13.01 expert report.
        In 
Trusty, the defendant failed to obtain a ruling on his objection to the 
plaintiff’s expert’s affidavit, which the defendant alleged was the same 
report previously filed as an article 4590i, section 13.01 expert report. 87 
S.W.3d at 764. Because the defendant’s objection raised a defect of form that 
the defendant did not get a ruling on, the appellate court held that the 
objection was waived. Id.
        In 
Keeton, the defendant failed to object to the summary judgment use of an 
article 4590i, section 13.01 expert report until the day of the summary judgment 
hearing. 53 S.W.3d at 22. At the summary judgment hearing, the plaintiffs 
tendered an amended expert affidavit to the trial court, but the trial court 
denied them leave to file the amended report. Id. Plaintiffs then moved 
for a seven-day continuance of the summary judgment hearing, but the trial court 
denied that too and granted summary judgment for the defendant. Id. The 
appellate court reversed, holding that the trial court should have given the 
plaintiffs the opportunity they requested to amend their expert’s affidavit. Id. 
at 23.
        In 
Garcia, the defendant filed his objections to the plaintiff’s summary 
judgment use of her expert’s report the day before the summary judgment 
hearing. 4 S.W.3d at 311. The plaintiff sought either a continuance of the 
hearing or leave to file another expert affidavit. Id. The trial court 
denied the plaintiff’s request and granted summary judgment for the defendant. 
Id. at 309-10. The appellate court cited its decision in Wyatt v. 
McGregor,[2] and reversed, holding that the trial 
court should have given the plaintiff the opportunity to amend the affidavit 
after she requested it. Id.
        In 
Green, the defendant hospital filed a no-evidence summary judgment 
motion, and the plaintiff filed a response and attached her article 4590i, 
section 13.01 expert report as her only summary judgment evidence. 2003 WL 
475846, at *1. The Hospital objected to the plaintiff’s use of the expert 
report as summary judgment evidence and contended that article 4590i, section 
13.01(k) precluded such use. Id. The trial court sustained the 
Hospital’s objections to the expert report, struck the report, and granted 
summary judgment for the Hospital. Id. On appeal, the plaintiff contended 
the trial court erred by failing to afford her the opportunity to amend her 
defective summary judgment evidence. Id. at *2. The court of appeals 
noted that the plaintiff “had more than three weeks in which to file 
additional evidence – from January 16, 2001, the date on which the 
Hospital’s objections were filed, until February 19, 2001, the date on which 
the summary judgment was signed.” Id. The court pointed out that 
“[a]t no point during this period did [the plaintiff] seek leave to file 
additional summary judgment evidence.” Id. Accordingly, the court of 
appeals rejected the plaintiff’s contention that the trial court erred by 
refusing to grant her leave to amend the defective summary judgment evidence and 
affirmed the no-evidence summary judgment in favor of the Hospital.
        Generally, 
we may not rule on a complaint not presented to the trial court. Tex. R. App. P. 33.1(a). As a 
prerequisite to presenting a complaint for appellate review, the record must 
show that the complaint was made to the trial court by a timely request, 
objection, or motion. Id. When a summary judgment movant objects to 
summary judgment evidence proffered by the nonmovant, the burden lies upon the 
nonmovant to request relief under rule 166a(f), including a continuance or the 
opportunity to cure any formal defects in the nonmovant’s summary judgment 
evidence. See Trusty, 87 S.W.3d at 763-64 (holding that if objections are 
made to the nonmovant’s summary judgment evidence, the nonmovant must seek an 
opportunity to amend its summary judgment proof); see also Eckmann v. Des 
Rosiers, 940 S.W.2d 394, 400 (Tex. App.—Austin 1997, no pet.) (same); Webster 
v. Allstate Ins. Co., 833 S.W.2d 747, 750 (Tex. App.—Houston [14th 
Dist.] 1992, no writ) (same).
        In 
each of the cases relied upon by Coleman in support of her argument that the 
trial court erred by not allowing her the opportunity to amend Dr. Mezera’s 
report, the plaintiff took some action in the trial court requesting the 
opportunity to cure summary judgment evidence defects. See Trusty, 
87 S.W.3d at 764; Keeton, 53 S.W.3d at 24; Garcia, 4 S.W.3d at 
309-11. Here, Coleman took no action in the trial court to indicate that she 
desired the opportunity to correct any defects in Dr. Mezera’s affidavit. She 
did not request or file a motion for continuance; she did not tender an amended 
affidavit or seek leave to file an amended affidavit during the two weeks that 
the trial court had Dr. Woolf’s motion for summary judgment under advisement. 
Coleman never made a timely request, objection, or motion seeking the 
opportunity to cure the defect in Dr. Mezera’s affidavit. See Tex. R. App. P. 33.1(a). Consequently, 
in the absence of such a request, we will not hold that the trial court erred by 
failing to grant the unrequested relief of providing Coleman with the 
opportunity to cure the defect in Dr. Mezera’s affidavit. See Trusty, 
87 S.W.3d at 763-64; Eckmann, 940 S.W.2d at 400; Webster, 833 
S.W.2d at 750; accord Green, 2003 WL 475846, at *2. We overrule 
Coleman’s second issue.
V. Conclusion
        Having 
overruled Coleman’s issues, we affirm the trial court’s judgment.

   
                                                          SUE 
WALKER
                                                          JUSTICE

  
PANEL 
B:   DAUPHINOT, WALKER, and McCOY, JJ.
 
DELIVERED: 
February 5, 2004

 
NOTES
1. 
Although the 78th Legislature repealed article 4590i, it also enacted 
Texas Civil Practice and Remedies Code section 74.351, setting forth expert 
report requirements in health care liability claims. Tex. Civ. Prac. & Rem. Code Ann. § 
74.351. Subsection (k)(2) of section 74.351 contains the same restriction on the 
use of expert reports that was previously set forth in article 4590i, section 
13.01(k)(2). Id. § 74.351(k)(2). The Legislature has, however, cured the 
problem presented in this case by also enacting civil practice and remedies code 
section 74.351(t) which provides that “[i]f an expert report is used by the 
claimant in the course of the action for any purpose other than to meet the 
service requirement of Subsection (a), the restrictions imposed by Subsection 
(k) on use of the expert report by any party are waived.” Id. § 
74.351(t).
        Although 
repealed, article 4590i remains in effect for application to suits filed before 
September 1, 2003, such as this one. See Act of June 11, 2003, 78th 
Leg., R.S., ch. 204, § 23.02(a), (b), 2003 Tex. Gen. Laws 847, 898-99.
2. 
855 S.W.2d 5, 17-18 (Tex. App.—Corpus Christi 1993, writ denied) (op. on 
reh’g). In Wyatt, at the summary judgment hearing the defendants 
objected that the plaintiff’s affidavits were defective because they stated 
the affiants’ competency as a conclusion rather than by stating that both were 
over eighteen, had never been convicted of a crime, and possessed personal 
knowledge of the facts stated. Id. at 17. The plaintiff did not have the 
opportunity to amend the affidavits before the trial court granted summary 
judgment. Id. The plaintiff subsequently filed a motion for 
reconsideration, tendered amended affidavits, and requested leave to file the 
amended affidavits. Id. The trial court denied all relief, but the 
appellate court reversed, holding that the plaintiff should have been provided 
with the requested opportunity to cure the defective affidavits. Id. at 
17-18.