Robert A. WEBSTER and Troy Webster, Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 01–91–00789–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1992.

John W. Donovan, Robert A. Webster and Troy Webster, Houston, for appellants.

Ronald L. Bair and M. Dean Solomon, Houston, for appellee.

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Can an insured collect under his uninsured motorist clause when he is attacked by a motorist with a hatchet? On this record, we say no and affirm the summary judgment.

This is an appeal from the granting of the take-nothing summary judgment in favor of the defendant Allstate Insurance Company (Allstate) and against the plaintiffs Robert and Troy Webster. The plaintiffs sued Allstate seeking damages under the uninsured motorist provisions of Robert's automobile insurance policy purchased from Allstate and for the breach of the duty of good faith and fair dealing. Robert is Troy's father. We affirm.

On June 2, 1979, as Troy was walking on the side of the road back to his car, a car driven by Winton Epps struck him in the right shoulder and side with its outside rear-view mirror. Troy yelled at Epps, who stopped, removed an axe from his car, swung twice at Troy, striking him once in the right leg and severely injuring him. Troy required medical attention for his leg, but not for his right shoulder and side. Epps later pleaded guilty to intentionally and knowingly causing serious bodily injury to Troy with a deadly weapon. Troy was 16 years old at the time of the assault and turned 18 on October 5, 1980.

The plaintiffs filed a claim with Allstate and filed suit against Epps, *Webster v. Epps*, seeking damages that Troy sustained in the attack. On March 18, 1985, the trial court signed a judgment in *Webster v. Epps*, awarding Troy $5000 in damages against Epps.

On December 18, 1985, the plaintiffs sued Allstate for refusing to pay the $5000 in damages under the uninsured motorist coverage of Robert's insurance policy. On January 10, 1991 the plaintiffs amended their petition to assert a cause of action for the breach of the duty of good faith and fair dealing.

On June 4, 1991, Allstate filed a motion for summary judgment asserting the following grounds: (1) the cause of action for breach of the uninsured motorist provisions of the policy was barred by the four-year statute of limitations, TEX.CIV.PRAC. & REM. CODE ANN. § 16.004 (Vernon 1986); (2) the two-year statute barred the cause of action for the breach of the duty of good faith and fair dealing, TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986), and asserted that the statute began to run for Robert's causes of action on the date the claim was denied, March 19, 1980, and October 5, 1980 for Troy, the date of his majority; and (3) the plaintiffs are not entitled to recovery under the uninsured motorist provisions because there was no causal connection between Troy's insured vehicle and the incident which caused Troy's injuries.

On June 24, 1991, the plaintiffs filed a response to the motion for summary judgment. In the response, the plaintiffs claimed that the statute of limitations did not begin to run until Allstate refused to pay the judgment in the *Webster v. Epps* suit. The plaintiffs also argued that Allstate did not, on or about March 19, 1980, deny the Websters' claim.

The plaintiffs attached three letters to their response. The plaintiffs did not include any affidavits that recited facts about this case or that verified the attached letters. The plaintiffs merely verified the

contents of their response by an affidavit of their attorney, that stated:

Before me, the undersigned authority, on this day personally appeared JOHN W. DONOVAN, who, on oath stated that he is the attorney for the plaintiffs in the above numbered and entitled cause and that he is fully qualified and authorized to make this affidavit and that the foregoing motion is in every statement and allegation thereof true and correct.

On July 1, 1991, Allstate filed a reply to the plaintiff's response. Allstate "specially excepted and objected" to the plaintiffs' response because (1) the sworn statement was merely a verification and was not an affidavit under Tex.R.Civ.P. 166a; and (2) the exhibits attached to the response were not properly before the Court because the plaintiffs had not laid the proper predicate and provided no testimony concerning their accuracy and trustworthiness.

On July 1, the trial court signed an order sustaining Allstate's objections and a second order granting summary judgment.

**1. The objections**

In point of error one, the plaintiffs claim that the trial court erred in sustaining Allstate's objections to their summary judgment proof.

■■■ The plaintiffs first contend that the sworn statement by their attorney was sufficient as a summary judgment affidavit. We disagree. In *Keenan v. Gibraltar Savings Ass'n,* 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ), the court of appeals was confronted with a "verification" attached to a response to a motion for summary judgment in which the affiant swore that the response's contents were within his personal knowledge, true and correct. The court concluded that the verification was not an affidavit under Tex. R.Civ.P. 166a(e); that the response was nothing more than a responsive pleading; and that pleadings are not summary judgment evidence. *Keenan,* 754 S.W.2d at 394; *cf. Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 545 (Tex.1972) (a verified motion for summary judgment does not constitute summary judgment evi-

dence). To satisfy rule 166a(e), the affidavit *itself* must set forth facts and show the affiant's competence, and the allegations contained in it must be direct and unequivocal, so that perjury could be assigned to it. *Keenan,* 754 S.W.2d at 394.

In the case before this court, the sworn statement is identical to the verification in *Keenan.* The sworn statement is not an affidavit under rule 166a(f) and is not summary judgment evidence. We hold that the verified response did not present any summary judgment evidence.

We overrule point of error one as it relates to the objections to the plaintiffs' summary judgment evidence.

**2. Opportunity to amend**

■■■ As part of point of error one, the plaintiffs also argue that the trial court erred when it granted Allstate's objections to its summary judgment proof because it did not give the plaintiffs an opportunity to amend and correct the defects. The plaintiffs rely on that portion of Tex.R.Civ.P. 166a(f) which states "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." (Emphasis added.) Neither party has suggested that the defects in the affidavits are a ground for reversal; Allstate's argument is that the defects are reasons to affirm.

The policy behind rule 166a(f) is to insure that all formal objections to summary judgment evidence be raised in the trial court and the opposing party be given an opportunity to amend these formal defects before the trial court rules on the motion for summary judgment. *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 627 (Tex. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). In *Walkoviak,* the court held that objections to the affidavit made for the first time in the appellate court, could not be used to affirm the summary judgment. *Id.* The court reasoned:

We fail to see the distinction between requiring timely objection to formal de-

fects in affidavits which would *establish* the movant's right to summary judgment, and requiring timely objections to such deficiencies in affidavits which would *preclude* the movant's right to summary judgment.

*Id.* at 627. *Walkoviak* is not dispositive here. In *Walkoviak*, the appellee objected to the substance to the affidavit for the first time on appeal. *Walkoviak*, 580 S.W.2d at 626. Here, Allstate made the objection first in the trial court, albeit late. *See Tag Resources v. Petroleum Well Servs.*, 791 S.W.2d 600, 606–07 (Tex.App.—Beaumont 1990, no writ.) (it was not error to consider objection to non-movant's affidavit even though it was served only four days before the hearing on the motion for summary judgment).

■ The trial court should not have sustained Allstate's objections filed on the day of the hearing without giving the plaintiff's an opportunity to amend. The plaintiffs, however, should have asked the trial court for a continuance for time to respond to the objections. *See* TEX.R.CIV.P. 166a(f); *cf. Lynch v. Bank of Dallas*, 746 S.W.2d 24, 24–25 (Tex.App.—Dallas 1988, writ denied) (when movant filed motion for summary judgment without sufficient notice, the non-movant, who filed motion for continuance waived the error because it did not obtain a ruling on his motion). Nothing in this record indicates the plaintiffs requested a continuance.

We overrule point of error one as it relates to the failure to give the plaintiffs the opportunity to amend.

### 3. The statute of limitations

■ In point of error two, the plaintiffs contend that the trial court erred in granting the summary judgment because the statute of limitations had not expired. They contend that the limitations period runs from the date the judgment was signed in *Webster v. Epps.*

Causes of action for breach of the duty of good faith and fair dealing and for breach of the uninsured motorist provisions of an insurance policy accrue and the statute of limitations begins to run on the date the insurance company denies the claim. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 829 (Tex.1990) (breach of duty of good faith and fair dealing) *Alvarez v. American Gen. Fire and Cas. Co.*, 757 S.W.2d 156, 158 (Tex.App.—Corpus Christi 1988, no writ) (uninsured motorist coverage claim). To support its motion for summary judgment, Allstate attached the affidavit of Acie Lee, defendant's staff claim representative. In that affidavit, Ms. Lee stated that the Webster's claim was denied on March 19, 1980. The plaintiffs did not controvert this statement with any competent summary judgment evidence. Thus, the limitations period for Robert's cause of action began to run on March 19, 1980. Because Troy Webster was under 18 on that date, his cause of action began to run when he turned 18, on October 5, 1980. The plaintiffs' original petition was filed on December 18, 1985, more than five years after the cause of action accrued. Their causes of action, therefore, were barred by limitations.

We overrule point of error two.

### 4. Webster's injuries

In light of our ruling under point of error two that the plaintiffs' claims are barred by limitations, we do not reach point of error three.