Robert L. Harmon v. Bank of the West, et al.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-056-CV

ROBERT L. HARMON APPELLANT

V.

BANK OF THE WEST, GARY APPELLEES

BLANKENSHIP, AND STEVE SEGAL

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

This is an appeal from a summary judgment entered against Appellant Robert Harmon on his claims against Appellees Bank of the West, Gary Blankenship, and Steve Segal.  In three points, Harmon complains that the trial court erred by striking his first amended petition, by denying leave to file a late affidavit, and by granting Appellees’ motion for summary judgment.  We will affirm.

II.  Background Facts

On March 2, 1994, Appellant Robert Harmon and his wife, Nancy, negotiated a $114,400 loan from Bank of the West, which was secured by their Tarrant County residence.  In December of 1995, the Harmons executed a loan modification agreement to reduce their monthly payment on the loan. Harmon was subsequently diagnosed with stomach cancer and hospitalized from December 16, 1996, through April 1, 1997, for treatment.  During this time,
 Nancy executed a second loan modification agreement, signing the document both individually and as attorney-in-fact for Harmon.  The second modification again reduced the monthly payment due on the loan, but also increased the applicable interest rate
 and shortened the term of the loan from fifteen years to one year with a balloon payment.

Harmon alleges that he was wholly unaware of the terms of the second modification.  He claims that, soon after he was released from the hospital, his wife filed for divorce and placed Harmon under a temporary restraining order that prevented him from contacting her for any reason.  Due to his poor health and marital discord, Harmon asserts that he did not discover the shortened term of the loan until June, 1997, when his daughter advised him of the terms of the second modification.

Harmon contends that, in June of 1997, he notified Appellees of his health problems and requested extra time to make the monthly payments for May onward.  He claims that the Bank verbally agreed to allow him to make the $1,000 May payment by July 7, the $1,000 June payment by August 8, and the $2,000 payment for July and August by the end of the week of August 24.

On July 9, 1997, the Bank advised Harmon that he was in default on the loan and that if the default was not cured within twenty days the residence would be posted for a non-judicial foreclosure sale.  Harmon claims that he contacted the Bank and again negotiated with Blankenship and Segal for acceptance of his planned payments through August, which would have brought him current on the loan. 
 On August 11, 1997, the Bank notified Harmon that he was in default, that the loan had been accelerated, and that the residence was to be posted for non-judicial foreclosure sale on September 2, 1997. 
 On the morning of the non-judicial foreclosure sale, Harmon filed for bankruptcy protection to avoid losing his home.

On August 31, 1999, Harmon filed suit against the Bank, Segal, and Blankenship alleging breach of contract, breach of an implied covenant of good faith and fair dealing, DTPA violations, unfair debt collection practices, negligence, and fraud in connection with a real estate transaction.  On October 17, 2001, Appellees filed a motion for summary judgment on both traditional and no-evidence grounds.  A hearing on Appellees’ motion for summary judgment was scheduled for November 30, 2001.  On November 26, 2001, Harmon filed a verified response to the summary judgment motion.  Thereafter, on November 28, 2001, Harmon filed his first amended petition, which Appellees moved to have stricken from the record.  Following the summary judgment hearing, the trial court granted Appellees’ motion to strike Harmon’s first amended petition and entered summary judgment for Appellees.

III.  Harmon’s First Amended Petition

In his third point, Harmon complains in part that the trial court erred by striking his first amended petition.  We disagree.  Harmon filed his first amended petition on November 28, 2001, only two days prior to the hearing on Appellees’ motion for summary judgment.  The next day, Appellees filed a motion to strike the amended petition as untimely and prejudicial.  The motion to strike further alleged that the tardiness of the amendment demonstrated a lack of diligence on Harmon’s part.

Rule 63 of the Texas Rules of Civil Procedure requires a party desiring to file an amended pleading within seven days of trial to first request and obtain leave from the trial court.  
Tex. R. Civ. P. 
63.  It does not appear, based upon the record before us, that Harmon requested leave from the trial court to file his first amended petition.  Thus, he failed to comply with rule 63, and the trial court was within its discretion to strike the amended petition.  
See Sosa v. Central Power & Light
, 909 S.W.2d 893, 895 (Tex. 1995) (applying the seven-day time constraint of rule 63 to the time period preceding a summary judgment hearing);
 Guereque v. Thompson
, 953 S.W.2d 458, 463-64 (Tex. App.—El Paso 1997, pet. denied).  We hold that the trial court did not abuse its discretion by striking Harmon’s first amended petition and we overrule this portion of his third point.

IV.  
The Affidavit of Nancy Harmon

In the remainder of his third point, Harmon complains that the trial court abused its discretion by denying his motion for leave to file the affidavit of his ex-wife, Nancy Harmon.

Rule 166a(c) provides in part that “[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response.”  
Tex. R. Civ. P. 
166a(c).  The record indicates that Harmon did not request leave to file his ex-wife’s affidavit until November 30, 2001, the day of the summary judgment hearing, and that Appellees opposed that request.  The trial court was clearly within its discretion to deny Harmon’s request.  
See Sullivan v. Bickel & Brewer
, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) (citing
 Bell v. Moores
, 832 S.W.2d 749, 755 (Tex. App.—Houston [14
th
 Dist.] 1992, writ denied)).  We overrule the remainder of Harmon’s third point.

V.  Time for Discovery

In his second point, Harmon asserts that there is no evidence in the record establishing that an adequate time for discovery had passed before summary judgment was granted.  Harmon filed suit on August 31, 1999.  On July 10, 2000, the trial court scheduled a hearing to determine whether the case should be dismissed for want of prosecution.  Thereafter, trial on the merits was scheduled for March 26, 2001.  On February 16, 2001, Harmon requested a continuance, which was granted.  Trial was reset for September 10, 2001.  On August 30, 2001, Appellees filed an Agreed Motion for Continuance, indicating that discovery was ongoing and that both sides wished to postpone trial until the week of December 10, 2001.  The trial court granted the agreed motion, and set the case for trial on December 10, 2001.

By the time the motion for summary judgment was heard, Harmon’s suit had been on file for over two years.  In any event, because the case was set for trial on December 10, 2001, less than thirty days from the date of the summary judgment hearing, the discovery period prescribed by rule 190.3(b) had already expired.  
See
 Tex. R. Civ. P. 
190.3(b)(1).  We hold that an adequate time for discovery had passed.  We overrule Harmon’s second point.

VI.  The Motion for Summary Judgment

In his first point, Harmon complains that the trial court erred by granting Appellees’ motion for summary judgment.  Appellees moved for summary judgment on both no-evidence and traditional grounds.  Because the trial court’s judgment does not specify the ground upon which summary judgment was granted, we will affirm the summary judgment if it is supportable on any theory presented in the Appellees’ motion.  
Carr v. Brasher
, 776 S.W.2d 567, 569 (Tex. 1989).

A.  Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant’s claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.
;
 In re Mohawk Rubber Co.
, 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.
, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
; Moore
, 981 S.W.2d at 269.
  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust Co.
, 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269.

B.  Law and Application to Facts

1.  The Response

Harmon filed a verified response to Appellees’ motion for no-evidence summary judgment and implied at the hearing that, because of the verification, the trial court should view the statements contained in the response as competent summary judgment proof.
(footnote: 2)  It is well settled that pleadings, even if sworn, are not competent summary judgment evidence.  
Hidalgo v. Surety Sav. & Loan Ass’n
, 462 S.W.2d 540, 545 (Tex. 1971); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The response to a motion for summary judgment is no exception.  
Trinity Universal Ins. Co. v. Patterson
, 570 S.W.2d 475, 478 (Tex. Civ. App.—Tyler 1978, no writ); 
Nicholson v. Mem’l Hosp. Sys.
, 722 S.W.2d 746, 749 (Tex. App.—Houston [14
th
 Dist.] 1987, writ ref’d n.r.e.).  Thus, the allegations in Harmon’s response, even though verified, are not probative evidence capable of precluding a no-evidence summary judgment.

2.  Horger’s Affidavit

The summary judgment proof attached to Harmon’s response includes the affidavit of Dave Horger, which states in relevant part:

My name is Dave Horger.  I am capable of making this affidavit.

I have represented the Plaintiff in his negotiations with Defendants as stated in Plaintiff’s Response to Motion for Summary Judgment.

I have read the foregoing Plaintiff’s Response to Motion for Summary Judgment and the facts stated in the answer pertaining to my negotiations with the Defendants are true and correct and I have personal knowledge of the facts regarding those particular facts and further that I am competent to testify to the facts.

A verification attached to a summary judgment response that the contents of the response are within the affiant’s knowledge and are true and correct is not sufficient to prevent summary judgment.  
Tex. R. Civ. P. 
166a(f); 
Webster v. Allstate Ins. Co.
, 833 S.W.2d 747, 749 (Tex. App.—Houston [1
st
 Dist.] 1992, no writ).  To effectively oppose a motion for summary judgment, the affidavit must 
itself
 set forth facts and show that the affiant is competent to testify to those facts.  
Id.
; 
Keenan v. Gibraltar Sav. Ass’n
, 754 S.W.2d 392, 394 (Tex. App.—Houston [14
th
 Dist.] 1988, no writ).  A bare, self-serving statement that the affiant has personal knowledge of the facts will not suffice.  
Coleman v. United Sav. Ass’n of Texas
, 846 S.W.2d 128, 131 (Tex. App.—Fort Worth 1993, no writ).  Rather, the affidavit must affirmatively show “how the affiant became personally familiar with the facts so as to be able to testify as a witness.”  
Id.
  Affidavits that do not meet the requirements of rule 166a will neither sustain nor preclude a summary judgment, and are accorded no evidentiary consideration.  
Box v. Bates
, 162 Tex. 184, 187-88, 346 S.W.2d 317, 319 (Tex. 1961).

Viewing Horger’s affidavit in the light most favorable to Harmon, we conclude that it does not meet the requirements of a proper affidavit under rule 166a(f).  First, the reference to Horger’s representation of Harmon “as stated in Plaintiff’s Response” is not sufficient to establish Horger’s competency to testify to relevant facts.  But more importantly, the affidavit does not itself set forth facts in support of Harmon’s response; it merely attests to the correctness of factual allegations contained within the response.  Harmon acknowledged as much at the hearing, stating that “Mr. Horger is attesting to [a] particular statement contained in the response.”  Consequently, Horger’s affidavit amounts to no proof for purposes of preventing a no-evidence summary judgment.

3.  The Documentary Evidence

The remainder of Harmon’s summary judgment evidence consists of the March 2, 1994 deed of trust and real estate lien note between Harmon and the bank, the January 16, 1997 modification agreement, and the voluntary bankruptcy petition filed by Harmon on September 2, 1997.  Having reviewed these documents, we conclude that they do not raise a genuine issue of material fact as to any of the claims asserted by Harmon in his original petition.

C.  Conclusion

Viewing the evidence in the light most favorable to Harmon, we conclude that Harmon failed to bring forward any probative evidence that raised a genuine issue of material fact.  The trial court, therefore, had no choice but to grant Appellees’ motion for no-evidence summary judgment.  
See
 
Tex. R. Civ. P. 
166a(i).  Accordingly, we hold that summary judgment was proper and overrule Harmon’s first point.

VII.  Conclusion

Having overruled each of Harmon’s points, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: March 27, 2003

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Appellees urge us to disregard Harmon’s response in its entirety because it was filed without leave of court less than seven days before the summary judgment hearing.  
See
 
Tex. R. Civ. P. 
166a(c).  However, it appears from the judgment granting Appellees’ motion that the trial court considered Harmon’s response in making its determination.  Therefore, we will treat Harmon’s response as properly filed and consider it in our analysis.