COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

DAVID ALVARADO,                                          )

                                                                              )              
No.  08-04-00239-CV

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )               
143rd District Court

OKLAHOMA SURETY COMPANY,                 )

                                                                              )            
of Ward County, Texas

Appellee.                           )

                                                                              )          
(TC# 03-08-20555-CVW)

                                                                              )

 

 

O
P I N I O N

 

Appellant David
Alvarado appeals from the dismissal of his lawsuit against Appellee Oklahoma
Surety Company, his employer=s
underinsured motorist (UIM) insurance carrier. 
In his sole issue, Mr. Alvarado contends the trial court erred in
concluding that it lacked subject matter jurisdiction for his alleged failure
to make a pre-suit demand for UIM benefits before filing the lawsuit.  Because Mr. Alvarado=s
live pleadings contained alleged facts that affirmatively demonstrated that the
trial court had subject matter jurisdiction, we reverse the trial court=s order and remand the cause to the
trial court for further proceedings.








On August 28,
2003, Mr. Alvarado filed suit against Misty Grigry and Brett Grigry.[1]  He alleged that on February 21, 2003, Ms.
Grigry ran a red light and hit his vehicle while he was taking a left at an
intersection in Monahans, Texas.  Mr.
Alvarado claimed that the defendant=s
negligence was the proximate cause of the collision and the injuries he
sustained.  Mr. Alvarado later amended
his petition to add Mid-Continent Casualty Company as a defendant.  Mr. Alvarado alleged that the motor
vehicle accident had occurred while he was driving a vehicle owned by his
employer, H & L Monachem, Ltd., that Ms. Grigry was an underinsured driver,
that his employer carried an underinsured motorist insurance policy with
Mid-Continent, and that Mid-Continent had Afailed
and refused to pay benefits due under the policy provisions in question.@








On May 11, 2004,
Mid-Continent filed a motion to dismiss, in which it argued that its affiliate
Oklahoma Surety Company was, in fact, the employer=s
insurance carrier and that neither it nor Oklahoma Surety had denied Mr. Alvarado=s claim for underinsured/uninsured
benefits under the policy.  Further,
Mid-Continent argued that the lawsuit should be dismissed because Athe causes of action asserted against
it are premature and no cause of action has accrued against MID-CONTINENT@ or Oklahoma Surety.  In Mr. Alvarado=s
fourth amended petition, his live pleading at the time of the hearing on the
motion to dismiss, Mr. Alvarado named Oklahoma Surety Company as a defendant
and dismissed Mid-Continent.[2]  In this pleading, Mr. Alvarado alleged
that his employer carried an insurance policy with Oklahoma Surety and that the
policy contained coverage for damages caused by an underinsured driver.  Mr. Alvarado alleged that Ms. Grigry was an
underinsured driver, and that A[d]espite
Plaintiff=s
compliance with the terms and provisions of the policy, Defendant OKLAHOMA
has failed and refused to pay benefits due under the policy provisions in
question.@  Mr. Alvarado alleged causes of action against
Oklahoma Surety for:  (1) violations of
the Texas Deceptive Trade Practices Act; (2) breach of contract; (3) common law
fraud; (4) bad faith; and (5) violation of Section 21.55 of the Texas Insurance
Code.  Under his bad faith claim and his
Section 21.55 violation claim, Mr. Alvarado specifically alleged that
Oklahoma had denied payment of his claim. 
We also note that in his breach of contract claim, Mr. Alvarado alleged
that Oklahoma had failed to perform its written contractual obligations under
the insurance contract.

On May 21, 2004,
the trial court held a hearing on the motion to dismiss.  At the hearing, counsel for Mid-Continent and
Oklahoma Surety argued that Mr. Alvarado=s
UIM claim had not been denied by Oklahoma Surety, and until that happened, Mr.
Alvarado had no causes of action for bad faith, for deceptive trade practices,
and likewise for the remaining claims he asserted.  In response, Mr. Alvarado=s counsel argued that there was no
prerequisite that a plaintiff first make a demand for payment upon the UIM
carrier, who must then deny the claim before a plaintiff can file suit against
the UIM carrier.  Mr. Alvarado=s counsel also argued that his right to
file a lawsuit was separate and distinct from a determination of the UIM=s liability or whether his cause of
action had accrued.  On June 3, 2004, the
trial court dismissed Mr. Alvarado=s
lawsuit without prejudice to his right, if any, Ato
pursue his remedies against Oklahoma Surety Company at a due and proper time
and in a proper forum.@  Mr. Alvarado now brings this appeal.








In his sole issue,
Mr. Alvarado challenges the trial court=s
dismissal of his lawsuit.  In its motion
to dismiss and on appeal, Oklahoma Surety contends that Mr. Alvarado has no
cause of action until his claim is denied, at which point his causes of action,
if any, would accrue.  Further, Oklahoma
Surety argues that Mr. Alvarado has therefore prematurely filed his lawsuit and
his claims are not ripe for adjudication because no injury has yet occurred.

Standard
of Review

The parties agree
that Oklahoma Surety=s
motion to dismiss was the functional equivalent of a plea to the
jurisdiction.  See Anderson v. City of
San Antonio, 120 S.W.3d 5, 7 (Tex.App.--San Antonio 2003, pet.
denied).  A plea to the jurisdiction is a
dilatory plea, the purpose of which is to defeat a cause of action without
regard to whether the claim asserted has merit. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  Through the plea, a party
challenges the trial court=s
authority to determine the subject matter of the pleaded cause of action.  City of Midland v. Sullivan, 33 S.W.3d
1, 6 (Tex.App.--El Paso 2000, pet. dism=d
w.o.j.).

The plaintiff has
the burden to allege facts affirmatively demonstrating that the trial court has
subject matter jurisdiction.  Texas
Ass=n of Bus.
v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex. 1993).  We take as true the facts plead in the
plaintiff=s
petition in determining whether those facts support jurisdiction in the trial
court and we may review the entire record to determine if there is
jurisdiction.  Id. at 446.  A court deciding a plea to the jurisdiction,
however, is not required to look solely to the pleadings, but may consider
evidence and must do so when necessary to revolve the jurisdictional issues raised.  Bland, 34 S.W.3d at 555; see County
of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  The court should confine itself to the
evidence relevant to the jurisdictional issue. 
Bland, 34 S.W.3d at 555. 
Whether the trial court has subject matter jurisdiction is a question of
law subject to de novo review.  See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert.
denied, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

 








Applicable
Law

Generally, there
are three jurisdictional elements:  (1)
jurisdiction over the subject matter; (2) jurisdiction over the person or res;
and (3) power to render the particular relief awarded.  City of El Paso v. Madero Dev., 803
S.W.2d 396, 400 (Tex.App.‑‑El Paso 1991, writ denied), cert.
denied, 502 U.S. 1073, 112 S.Ct. 970, 117 L.Ed.2d 135 (1992).  Subject matter jurisdiction exists when the
nature of the case falls within the general category of cases the court is
empowered, under applicable statutory and constitutional provisions, to
adjudicate.  McGuire v. McGuire,
18 S.W.3d 801, 804 (Tex.App.--El Paso 2000, no pet.), citing Bullock
v. Briggs, 623 S.W.2d 508, 511 (Tex.App.--Austin 1981, writ ref=d n.r.e.), cert. denied, 457
U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982).  Ripeness, like standing, is a threshold issue
which implicates subject matter jurisdiction and emphasizes the requirement of
a concrete injury in order to present a justiciable claim.  Waco Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 851 (Tex. 2000); Patterson v. Planned Parenthood of Houston
& Southeast Tex., Inc., 971 S.W.2d 439, 442 (Tex. 1998); see also
Madero Dev., 803 S.W.2d at 400 (The Aripeness
doctrine@ involves
the issue of jurisdiction of the subject matter and power to render a
particular relief).  Under the ripeness
doctrine, we consider whether, at the time a lawsuit is filed, the facts are
sufficiently developed Aso
that an injury has occurred or is likely to occur, rather than being contingent
or remote.@  Gibson, 22 S.W.3d at 851‑52, citing
Patterson, 971 S.W.2d at 442. 
Ripeness analysis focuses on whether the case involves Auncertain or contingent future events
that may not occur as anticipated or may not occur at all.@ 
Gibson, 22 S.W.3d at 852. 
A case is not ripe when determining whether the plaintiff has a concrete
injury depends on contingent or hypothetical facts, or events that have not yet
come to pass.  Id.








The
Pleadings

Citing to Webster
v. Allstate Ins. Co., 833 S.W.2d 747 (Tex.App.--Houston [1st Dist.] 1992,
no writ), Oklahoma Surety asserts that the trial court properly granted the
motion to dismiss because until Mr. Alvarado=s
claim is denied, his causes of action have not accrued, and thus his lawsuit
was premature.  In Webster, the
plaintiffs sued Allstate for damages under an uninsured motorist provision of
insurance policy.  Webster, 833
S.W.2d at 748.  Through a motion for
summary judgment, Allstate asserted that the plaintiffs=
causes of action were barred by applicable statutes of limitations.  Id. 
The Webster Court noted that a cause of action for breach of the
duty of good faith and fair dealing and for breach of the uninsured motorist
provisions of an insurance policy accrues and the statute of limitations begins
to run on the date the insurance company denies the claim.  Id. at 750.  Since the plaintiffs filed suit against
Allstate more than five years after the cause of action accrued, the Webster
Court agreed that their claims were barred. 
Id.

In the present
case, however, the accrual date of a cause of action for limitations purposes
is not at issue.  Therefore, Webster
provides only limited guidance in determining whether the trial court had
jurisdiction over the subject matter of the case.   Even if we were to agree with Oklahoma
Surety that the insurer=s
denial of a claim for purposes of determining the statutory limitations period
was equally applicable in determining the trial court=s
jurisdiction under the ripeness doctrine, the record in this case supports a
contrary outcome.








To determine
whether the trial court had jurisdiction, we take as true the facts plead in
Mr. Alvarado=s
petition. Texas Ass=n
of Bus. v. Texas Air Control Board, 852 S.W.2d 440, 446 (Tex. 1993).  In his fourth amended petition, Mr. Alvarado
claimed that Oklahoma Surety had Afailed
and refused to pay benefits.@  At the motion to dismiss, Oklahoma Surety
argued that it had not denied any claim, however, it introduced no evidence to
controvert Mr. Alvarado=s
assertions.  Oklahoma Surety did not
assert that the trial court lacked jurisdiction in any other regard.  While Mr. Alvarado=s
alleged failure to demand UIM benefits may well prove fatal on the merits, his
pleadings when taken as true contain sufficient facts to confer subject matter
jurisdiction on the trial court.  Neither
party disputes that civil district courts generally have jurisdiction over the
types of claims at issue in this case.  See
Tex.Const. art. V, ' 8; Tex.Gov=t Code Ann. ''
24.007, 24.008 (Vernon 2004); Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71,
75 (Tex. 2000)(Districts courts are courts of general jurisdiction).  Therefore, the trial court erred in
dismissing this cause for want of subject matter jurisdiction.  We sustain Mr. Alvarado=s sole issue.

We reverse the
trial court=s order
and remand the cause to the trial court for further proceedings.

 

May
19, 2005

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.











[1]
Mr. Alvarado later dismissed his claims against the Grigrys with
prejudice.   Consequently, they are not
parties to this appeal.





[2]
The Order indicates that Oklahoma Surety adopted and/or proceeded under 

Mid-Continent=s Motion to Dismiss during the hearing.