**Affirmed and Opinion Filed July 31, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00039-CV

## GREGORY CUNNINGHAM, Appellant
## V.
## BOBBY ANGLIN, DIVIDEND INVESTMENT,
## FAROOQ SELOD, AND AMANULLAH KHAN, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-02320-C**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Myers
Opinion by Justice Bridges

Gregory Cunningham appeals the trial court's summary judgment in favor of Bobby Anglin, Dividend Investment, Farooq Selod, and Amanullah Khan. In four points of error, Cunningham argues the trial court erred in hearing, considering, and sustaining appellees' objections to his summary judgment evidence and in granting appellees' motions for summary judgment. We affirm the trial court's judgment.

General Background

Cunningham was a former tenant of Anglin, the property manager and agent for commercial property owned by Farooq Selod, Amanullah Khan, and Dividend Investment. Cunningham's lease expired in February 2004, and he became a month-to-month holdover tenant pursuant to the lease terms, paying $1,800 per month. In September 2009, Anglin sent a letter to

Cunningham to inform him that his lease would be updated and his rent would be raised. The parties engaged in negotiations for a new written lease, but no agreement was reached. During this time, a dispute arose over whether Cunningham had paid Anglin for rent due in November 2009. Cunningham maintained that he paid the rent while Anglin claimed that the check received was for separate rental property and was applied to rental due on that property.

The dispute was not resolved, and on November 24, 2009, Anglin invoiced Cunningham showing past-due rent for November 2009 at $1,800. The invoice also included rent due for December 1, 2009 in the amount of $2,200. Cunningham did not pay the $1,800 for November, but he paid the $2,200 in rent under protest for December and again in January. In February, Cunningham tendered only $1,000, which was refused as a partial payment. In response, Anglin sent Cunningham a letter dated February 9, 2010, in which he claimed the November and February payments were due and the balance owing was $4,200. Additionally, Anglin asserted he had the right to take possession of the property if Cunningham did not take action.

On March 12, 2010, after Cunningham did not make the requested payment, Anglin delivered two letters: one notified Cunningham the lease was terminated and the second was a "notice to vacate for nonpayment of rent and demand for possession," giving Cunningham until midnight, March 18, 2010 to vacate the premises. On March 22, 2010, Anglin filed a forcible-detainer action against Cunningham in justice court. On April 1, the justice court entered judgment for Anglin awarding possession of the premises, unpaid rent, interest, and costs. Cunningham filed a de novo appeal with the county court.

At trial, possession of the premises was no longer an issue. The trial court entered judgment in favor of Anglin awarding possession, damages, and attorney's fees. As a result, Cunningham filed a motion for new trial asserting a violation of his due-process rights. After the trial court denied his motion, Cunningham appealed. On August 12, 2011, a panel of this Court

issued an opinion concluding the terms of the lease unambiguously provided for "holdover rent" of $1,800 per month to be paid on the first of each month, and Anglin could not unilaterally increase the rental rate. Accordingly, this Court reversed the trial court's judgment and remanded the case to the trial court for a new trial on damages only. *Cunningham v. Anglin*, No. 05-10-01023-CV, 2011 WL 3557951, at *1 (Tex. App.—Dallas Aug. 12, 2011) (no pet.). The trial court's judgment was affirmed as to all other issues. *Id.* Subsequent proceedings before the trial court on remand are not the subject of this appeal.

Trial Court Rulings Appealed

During the pendency of the forcible-detainer action, Cunningham sued Anglin in county court seeking $85,000 in damages for alleged conversion of the equipment contained in the leased premises and for damages Cunningham allegedly suffered for breach of contract with regard to a commercial lease agreement between the parties. The higher rental payment of $2,200 formed the basis for Cunningham's action for breach of contract. On March 18, 2011, Cunningham added Dividend Investment, Selod, and Khan (collectively Dividend) to the action seeking damages for breach of contract, conversion, and exemplary damages.

Dividend filed its general denial and, in September 2011, an amended answer and counter-claim seeking damages for Cunningham's filing of a frivolous lawsuit. On September 19, 2011, Anglin filed a traditional and no-evidence motion for summary judgment. Dividend filed a motion for summary judgment on September 28, 2011. On October 19, 2011, Cunningham filed his response to Anglin's and Dividend's motions for summary judgment supported by the affidavit of his counsel and his own affidavit. On October 26, 2011, Anglin and Dividend filed objections to Cunningham's affidavit and the affidavit of Cunningham's attorney and filed a motion to disqualify Cunningham's attorney on the grounds he had become a fact witness. On November 30, 2011, the trial court sent a letter setting forth the court's "rulings"

that Anglin's traditional and no-evidence motion for summary judgment was granted, Dividend's traditional and no-evidence motion for summary judgment was granted as to Cunningham's breach of contract and conversion claims and denied as to the "claims for sanctions," and Anglin's and Dividend's objections to Cunningham's summary judgment evidence were sustained. The letter ruling requested that counsel confer and prepare an order reflecting the trial court's rulings. On December 19, 2011, the trial court signed an order granting Anglin's and Dividend's traditional and no-evidence motions for summary judgment, sustaining their objections to Cunningham's summary judgment evidence, and denying Dividend's motion for sanctions. Appellant's notice of appeal was timely filed on January 10, 2012.

Analysis

In his first point of error, Cunningham argues that the objections to his summary judgment evidence were made on less than reasonable notice. Specifically, Cunningham cites rule of civil procedure 166a(f) for the proposition that defects in the form of affidavits or attachments in support of or in opposition to a motion for summary judgment will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend. TEX. R. CIV. P. 166a(f). As appellant points out, the policy behind rule 166a(f) is to insure that all formal objections to summary judgment evidence are raised in the trial court and the opposing party is given an opportunity to amend the formal defects before the trial court rules on the motion for summary judgment. *See Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 749 (Tex. App.—Houston [1st Dist.] 1991, no writ.). Further, a trial court should not sustain objections to evidence filed on the day of the hearing without giving the other party an opportunity to amend. *Id.* However, the other party should ask the trial court for a continuance for time to respond to the objections. *Id.*

–4–

Here, Anglin and Dividend filed their objections to Cunningham's summary judgment evidence on October 26, 2011, the same date as the hearing for Anglin's and Dividend's motions for summary judgment. About a month later, on November 30, 2011, the trial court sent out a letter ruling informing the parties the motions for summary judgment and objections to Cunningham's summary judgment evidence were granted. On December 19, 2011, the trial court signed an order granting the motions for summary judgment and granting the objections to Cunningham's summary judgment evidence. Nothing in the record indicates Cunningham requested a continuance for time to respond to the objections or filed any response whatsoever in the time between the filing of the objections and the trial court's ruling. Accordingly, we conclude Cunningham has failed to preserve this issue for our review. *See id.* As a result, we overrule the first point of error.

In his second, third, and fourth points of error, Cunningham argues that the trial court erred in sustaining Anglin's and Dividend's objections to Cunningham's summary judgment evidence because the objections lacked specificity, and none of Cunningham's statements in his affidavit were hearsay or conclusory.

An appellant has the burden to bring forth a record that is sufficient to show the trial court abused its discretion when it sustained the objections to summary judgment evidence. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.–Dallas 2006, no pet.). As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a); *Cantu*, 195 S.W.3d at 871. A party whose summary judgment evidence was excluded may not argue on appeal any and every new issue he can think of nor may he resurrect issues he abandoned at the hearing. *Cantu*, 195 S.W.3d at 871. When a party fails to object to the trial court's ruling that sustains an objection to his summary judgment evidence, he has not preserved the right to complain on

appeal about the trial court's ruling. *Id.* Even if the objections appear meritorious on appeal, they are not preserved for appellate review if the record does not show the complaint was made to the trial court. *Id.*

Here, Anglin and Dividend filed their objections to Cunningham's summary judgment evidence on October 26, 2011. On November 30, 2011, the trial court sent a letter containing its ruling that Anglin's and Dividend's objections to Cunningham's summary judgment evidence were sustained. On December 19, 2011, the trial court entered an order that, among other things, sustained the objections to Cunningham's summary judgment evidence. Cunningham made no response to the objections of Anglin and Dividend to his summary judgment evidence, and Cunningham made no objection to the trial court's ruling sustaining the objections, either at the time of the ruling or upon issuance of the final judgment. Under these circumstances, we conclude Cunningham has not preserved the right to complain on appeal about the trial court's ruling on the objections to his summary judgment evidence. *See Id.* We overrule Cunningham's second, third, and fourth points of error.

In his fifth point of error, Cunningham argues the trial court erred in granting Anglin's and Dividend's motion for summary judgment because Cunningham came forth with summary judgment evidence as to each element of his claims of breach of contract and conversion. When a motion for summary judgment presents both no-evidence and traditional grounds, appellate courts usually review the no-evidence grounds first. *Hall v. Douglas*, 380 S.W.3d 860, 867 (Tex. App.–Dallas 2012, no pet.). We review *de novo* a summary judgment granted on either no-evidence or traditional grounds, examining the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 855 (Tex. App.—Dallas 2007, pet. denied).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Hall*, 380 S.W.3d at 866. To prevail on a no-evidence summary-judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); Tex. R. Civ. P. 166a(i). "The motion must state the elements as to which there is no evidence." Tex. R. Civ. P. 166a(i). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.–Dallas 2013, no pet.). "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i).

To prevail on a traditional summary judgment motion, a movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Grant*, 73 S.W.3d at 215; Tex. R. Civ. P. 166a(c). A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim. *Grant*, 73 S.W.3d at 215. If a summary judgment order issued by the trial court does not specify the ground or grounds relied upon for a ruling, the ruling will be upheld if any of the grounds in the summary judgment motion can be sustained. *Hall*, 380 S.W.3d at 867.

Here, Cunningham's summary judgment evidence was excluded in its entirety, leaving only Cunningham's pleadings. Pleadings are not competent summary judgment evidence. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.–Dallas 2011, pet. denied). Therefore, the trial court did not err in granting no-evidence summary judgment in favor of Anglin and Dividend. *See* Tex. R. Civ. P. 166a(i); *Hall*, 380 S.W.3d at 867. We overrule Cunningham's fifth point of error.

We affirm the trial court's judgment.

1200039F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY CUNNINGHAM, Appellant

No. 05-12-00039-CV          V.

BOBBY ANGLIN, DIVIDEND
INVESTMENT, FAROOQ SELOD, AND
AMANULLAH KHAN, Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-10-02320-C.
Opinion delivered by Justice Bridges.
Justices Fillmore and Myers participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

      It is **ORDERED** that appellees BOBBY ANGLIN, DIVIDEND INVESTMENT,
FAROOQ SELOD, AND AMANULLAH KHAN recover their costs of this appeal from
appellant GREGORY CUNNINGHAM.


Judgment entered July 31, 2014