# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00376-CV

**Delores Galvan, Appellant**

**v.**

**Robert Leake, Individually and Zebra Instruments Corporation, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY, NO. 14-0842-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Delores Galvan appeals from the trial court's order granting summary judgment in favor of Robert Leake, Individually, and Zebra Instruments Corporation. Following a workplace injury, Galvan sued Leake and Zebra alleging negligence, and Leake and Zebra filed a no-evidence motion for summary judgment. In two issues, Galvan challenges the trial court's order striking the affidavit of her attorney, Scott Ogle, and the trial court's order granting summary judgment. For the reasons that follow, we affirm in part and reverse in part.

## BACKGROUND

Galvan filed suit against Leake and Zebra alleging that on September 26, 2012, while employed by Zebra and under the supervision of Leake, and while in the course and scope of employment, she sustained a crush injury to her right index finger when a clamp press malfunctioned because of a missing guard. She further alleged that Zebra owed a duty to Galvan to provide a safe

workplace and was negligent in, among other ways, failing to take adequate measures to ensure that the press was safe to operate. After the end of the discovery period, Leake and Zebra filed a no-evidence motion for summary judgment. Galvan filed a response, asserting for the first time the "legal theories of alter ego and single business ownership." As summary judgment evidence, she attached to her response attorney Ogle's affidavit verifying the facts alleged in the response and three exhibits. Leake and Zebra filed a motion to strike, objecting to the admission of Ogle's affidavit and Galvan's exhibits. After a hearing on the motion to strike and the no-evidence motion for summary judgment, the trial court ordered Ogle's affidavit stricken and granted the motion for summary judgment. This appeal followed.

## DISCUSSION

**Attorney Ogle's Affidavit**

In her first issue, Galvan argues that the trial court erred in excluding Ogle's affidavit. We review a trial court's exclusion of evidence for an abuse of discretion. *Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 142 (Tex. 2016). In his affidavit, Ogle averred:

> My name is Scott Ogle. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in the Plaintiff's Response to Defendants' Motion for No Evidence Summary Judgment are within my personal knowledge and are true and correct.

Galvan contends that Ogle's affidavit was competent summary judgment evidence. We disagree.

A verification attached to a response to a motion for summary judgment in which the affiant swears that the response's contents are within his personal knowledge and true and correct

is not an affidavit under Rule 166a(f); it is nothing more than a responsive pleading, and pleadings are not summary judgment evidence. *See* Tex. R. Civ. P. 166a(f) (setting out required form of supporting and opposing affidavits); *Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.—Dallas 2011, pet. denied) ("A party may not support its response to a motion for summary judgment with a document in the form of an affidavit in which the party attempts to verify the truth and correctness of all 'allegations and facts' in the response. Such a document amounts to nothing more than a verified responsive pleading, which is not competent summary judgment evidence."); *Webster v. Allstate Ins. Co.*, 833 S.W.2d 747, 749 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that attorney's affidavit stating that every statement in summary judgment motion was true and correct was not affidavit under predecessor to Rule 166a(f) and was not summary judgment evidence); *Keenan v. Gibraltar Sav. Ass'n*, 754 S.W.2d 392, 394 (Tex. App.—Houston [14th Dist.] 1988, no writ) (holding that defendant's verification of response to motion for summary judgment was not affidavit under predecessor to Rule 166a(f) and was nothing more than verified pleading, which is not summary judgment evidence). To satisfy Rule 166a(f) and effectively oppose a motion for summary judgment, the affidavit itself must set forth facts and show that the affiant is competent to testify to those facts, and the allegations in the affidavit must be direct, unequivocal, and subject to perjury. *Olsen*, 347 S.W.3d at 886; *Webster*, 833 S.W.2d at 749; *Keenan*, 754 S.W.2d at 394. We conclude that Ogle's sworn statement is not an affidavit under Rule 166a(f) and did not constitute competent summary judgment evidence. Therefore, the trial

3

court did not abuse its discretion in excluding it. *See Caffe Ribs*, 487 S.W.3d at 142. We overrule Galvan's first issue.[1]

**Motion for Summary Judgment**

In her second issue, Galvan argues that the trial court erred in granting Leake's and Zebra's no-evidence motion for summary judgment. We review a trial court's grant of summary judgment de novo. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). A no-evidence summary judgment motion under Rule 166a(i) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). When reviewing a no-evidence summary judgment, we view the evidence in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could, and disregarding

---

[1] Galvan also contends that the trial court erred in excluding the exhibits attached to her response. Leake's and Zebra's motion to strike included objections to both the affidavit and the exhibits, and the trial court orally granted the motion. However, the trial court's subsequent order struck only the affidavit, and not the exhibits. The exhibits were not attached to the attorney's affidavit, which preceded the certificate of service of the response and which made no reference to the exhibits; rather, they were attached to the end of the response as independent, self-authenticating evidence and were referred to in the response. Therefore, the record reflects that the trial court excluded only Ogle's affidavit and not the exhibits, and we need not address Galvan's arguments that the exhibits were improperly excluded. *See Hyperion Holdings, Inc. v. Texas Dep't of Hous. & Cmty. Affairs*, No. 03-05-00563-CV, 2006 Tex. App. LEXIS 1366, at *8 (Tex. App.—Austin Feb. 16, 2006, no pet.) (mem. op.) (trial court's written judgment or order controls over oral pronouncement); *In re K.M.B.*, 148 S.W.3d 618, 622 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (same).

4

contrary evidence unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 582 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)); *King Ranch*, 118 S.W.3d at 750–51. "Where a no-evidence motion for summary judgement is granted, . . . a reviewing court will sustain the summary judgment if '(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.'" *Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 589 (Tex. 2015) (quoting *King Ranch*, 118 S.W.3d at 751).

In their no-evidence motion for summary judgment, Leake and Zebra contended there was no evidence that:

a) Zebra Instruments owned or maintained the punch press made the subject of Plaintiff's claim;

b) Zebra Instruments was Plaintiff's employer at the time of her injury; or that

c) As a third party who was not the owner or the maintainer of the punch press, and who was not the employer of Plaintiff, Zebra Instruments owed a duty to Plaintiff as alleged in Plaintiff's Original Petition.

They also alleged that, assuming Leake was Galvan's supervisor, there was no evidence that Leake owed her a duty of reasonable care independent from that of her employer. On appeal, Galvan contends that her summary judgment evidence raised more than a scintilla of evidence on every challenged element. We address the challenged elements as to Zebra and Leake separately, beginning with Zebra.

5

Galvan attached to her response as Exhibit C documents related to a citation issued to Zebra by the Occupational Safety and Health Administration of the U. S. Department of Labor (OSHA). As discussed above, the trial court's order struck Ogle's affidavit but did not exclude Galvan's exhibits. Nonetheless, perhaps based on the trial court's oral pronouncement granting Leake's and Zebra's motion to strike, the parties construe the trial court's ruling as excluding the exhibits and base their arguments on that premise. Galvan argues, among other things, that the trial court erred in excluding Exhibit C—and therefore in granting summary judgment—because Exhibit C was self-authenticating; Leake and Zebra respond that Exhibit C was not self-authenticating and that the trial court properly excluded it and properly granted summary judgment. As discussed above, because the trial court did not exclude the exhibits, we need not address Galvan's arguments concerning their exclusion. Further, because Leake and Zebra have failed to complain by cross-appeal of the trial court's denial of their motion to strike as to the exhibits—arguing instead that the trial court properly struck the exhibits—Leake and Zebra have failed to preserve that complaint for this Court's consideration. *See* Tex. R. App. P. 25.1(c) (party who seeks to alter trial court's judgment or order must file notice of appeal); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004) (declining to reach appellee's point where appellee did not file notice of appeal, cross-appeal, or petition court for review on point); *see also Salazar v. Phillips & Luckey Co.*, No. 03-11-00441-CV, 2013 Tex. App. LEXIS 10486, at *12–13 (Tex. App.—Austin Aug. 21, 2013, no pet.) (mem. op.) ("'[A]n appellate court has no discretion to consider an issue not raised in an appellant's brief.'" (quoting *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.))).

Even if Leake and Zebra had preserved this issue, however, we would conclude that the trial court did not abuse its discretion in admitting Exhibit C. *See Service Corp. Int'l v. Guerra*, 348 S.W.3d 221, 235 (Tex. 2011) (stating that appellate courts review trial court's decision to admit evidence for abuse of discretion). Galvan offered Exhibit C without extrinsic evidence, arguing that as a signed, sealed, and certified OSHA document, it was self-authenticating. Evidence Rule 902, dealing with self-authentication, provides that extrinsic evidence of authenticity is not required as a condition precedent to admissibility of a document that bears (1) a seal purporting to be that of the United States . . . [or of] a political subdivision . . . department, officer, or agency" thereof, and (2) "a signature purporting to be an attestation or execution." Tex. R. Evid. 902(1). Exhibit C included a copy of a thirteen-page Citation and Notice of Penalty issued by OSHA to Zebra. Pages 6 through 11 bore the seal of the U.S. Department of Labor and outlined the alleged violations, and page 11 was signed by the OSHA area director in his official capacity. Because the citation bore the Department of Labor seal and the area director's signature, we would conclude it was self-authenticated. *See Wawarosky v. Fast Group Hous., Inc.*, No. 01-13-00466-CV, 2015 Tex. App. LEXIS 1522, at *12 (Tex. App.—Houston [1st Dist.] Feb. 17, 2015, no pet.) (mem. op.) (holding that Appeal Tribunal Decision of Texas Workforce Commission (TWC) that bore TWC seal and signature of hearing officer was self-authenticated under Rule 902(1)); *see also F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 106 (Tex. App.—El Paso 2008, no pet.) (holding that tax statement bearing assessor-collector's seal and signature and certification that assessor-collector was custodian of records was self-authenticated).

7

Leake and Zebra also argue that Exhibit C is not self-authenticating because it is not a single document but a "hodge-podge of various documents" and contend, without citing authority, that it is an "inappropriate[] grouping" of documents. We are aware of no authority that multiple documents cannot be grouped into one exhibit and would not find that fact to be determinative. They also argue without citing any authority that only some of the pages of Exhibit C contain a seal or a signature and that those elements cannot be incorporated into the pages that do not contain them. However, not every page of an exhibit has to be authenticated separately. *See Whitehead v. Bulldog Battery Corp.*, 400 S.W.3d 115, 118–19 (Tex. App.—Dallas 2013, pet. denied) (mem. op. on reh'g) (holding that every page of judgment did not have to be authenticated separately and that judgment bearing clerk's seal and signature in official capacity on final page met requirements of Rule 902(1)). Pages 6 through 11 comprise one section of Exhibit C, each page bears a seal, and page 11 bears a signature, which we would conclude meets the requirements of Rule 902(1). Therefore, even if Leake and Zebra had preserved this argument, we would not find it persuasive. We turn, then, to a review of Exhibit C.

Exhibit C included a copy of a thirteen-page Citation and Notice of Penalty issued by OSHA to Zebra listing six alleged safety violations. One alleged violation was that Zebra did not provide and ensure the usage of guards at the point of operation for two mechanical power presses. The citation refers to an incident on September 26, 2012, in which "an employee operating one of the tools had their right index finger crushed by the ram up to the top of the nail, breaking the bones, but not resulting in an amputation." It notes that the alleged violation was corrected during inspection and states a proposed penalty of $2,800.00. The citation refers to Zebra as the employer

8

and cites Zebra as the party responsible for the alleged violation. Viewing the evidence in the light most favorable to Galvan, we conclude that the OSHA citation constitutes more than a scintilla of evidence that Zebra was responsible for the maintenance of the power press on which Galvan's alleged injury occurred, that Zebra was Galvan's employer, and that Zebra therefore owed a duty to Galvan to provide a safe workplace. *See Emmett*, 459 S.W.3d at 589; *Timpte Indus.*, 286 S.W.3d at 310. We further conclude that Galvan has presented evidence raising a genuine issue of material fact supporting each element contested in the motion as to Zebra. *See* Tex. R. Civ. P. 166a(i); *Timpte Indus.*, 286 S.W.3d at 310; *Mack Trucks*, 206 S.W.3d at 581–82; *King Ranch*, 118 S.W.3d at 750–51. We therefore hold that the trial court erred in granting summary judgment as to Zebra, and we sustain Galvan's second issue as to Zebra.

As for Leake, we conclude that there was no evidence to support a finding that he is subject to individual liability. Corporations are separate legal entities from their shareholders, officers, and directors, who may not be held personally liable to obligees of the corporation absent a showing that they caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud for direct personal benefit. Tex. Bus. Orgs. Code § 21.223; *Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 457 (Tex. App.—Dallas 2012, pet. denied). This "piercing the corporate veil" may be accomplished by the theory of alter ego, which may be applied if there is a unity between the corporation and the individual to the extent the corporation's separateness has ceased, and holding only the corporation liable would be unjust. *Centeq Realty v. Siegler*, 899 S.W.2d 195, 201 (Tex. 1995) (citing *First Nat'l Bank in Canyon v. Gamble*, 132 S.W.2d 100, 103 (1939)); *Doyle*, 370 S.W.3d at 458. As proof of alter ego, courts may consider

9

(1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his personal use; (4) inadequate capitalization; and (5) other failure to keep corporate and personal assets separate. *Mancorp Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990); *Doyle*, 370 S.W.3d at 458; *Penhollow Custom Homes, LLC v. Kim*, 320 S.W.3d 366, 372–73 (Tex. App.—El Paso 2010, no pet.). An individual's standing as an officer, director, or majority shareholder of an entity is, in and of itself, insufficient to support a finding of alter ego. *Doyle*, 370 S.W.3d at 458; *Penhollow*, 320 S.W.3d at 372–73; *Goldstein v. Mortenson*, 113 S.W.3d 769, 781–82 (Tex. App.—Austin 2003, no pet.).

As Exhibits A and B to her response to the no-evidence motion for summary judgment, Galvan attached documents purporting to be from the office of the Texas Comptroller of Public Accounts. Exhibit A reflected that Leake was the registered agent, director, and chief executive officer of Zebra; Exhibit B showed that Leake was the registered agent, director, and chief financial officer of Coyote Management, Inc.[2] Assuming without deciding that the trial court properly admitted Exhibits A and B, they nonetheless constitute no evidence that Zebra and/or Coyote was the alter ego of Leake and provide no basis on which to pierce the corporate veil so as to subject Leake to individual liability.[3] *See Mancorp*, 802 S.W.2d at 228; *Doyle*, 370 S.W.3d at 458; *Penhollow*, 320 S.W.3d at 372–73. They show, at most, that Leake was an officer and director in both

---

[2] Although there is no other evidence in the record concerning Coyote, it is apparent from the reporter's record of argument at the hearing on the motion to strike and the no-evidence motion for summary judgment that Zebra maintains that Coyote, not Zebra, is Galvan's employer.

[3] We also assume without deciding that Galvan's alter ego claim was properly before the trial court.

companies, which alone is insufficient to support a finding of alter ego. *See Doyle*, 370 S.W.3d at 458; *Penhollow*, 320 S.W.3d at 372–73; *Mortenson*, 113 S.W.3d at 781–82. We therefore conclude that the trial court properly granted summary judgment as to Leake, and we overrule Galvan's second issue as to Leake.

## CONCLUSION

We reverse the trial court's order granting summary judgment as to Zebra and remand for further proceedings. We affirm the trial court's judgment in all other respects.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed in Part; Reversed and Remanded in Part

Filed:   August 25, 2016